## A94A0675. EILAND v. THE STATE.
(445 SE2d 765)

Pope, Chief Judge.

Defendant Jerry Don Eiland was convicted by a jury of three counts of child molestation. He appeals following the denial of his motion for new trial.

1. Defendant challenges the admission of similar transaction evidence, arguing specifically that the trial court erred in allowing a prior indictment charging defendant with two counts of child molestation to be admitted into evidence. The record shows that several months prior to trial a hearing was held concerning the admissibility of the similar crimes evidence. The presiding judge concluded that testimony concerning the prior crimes would be admissible at trial to show intent and possibly identity, but that the actual indictment was inadmissible because it charged defendant with two counts of child molestation and defendant was never found guilty of those charges but instead entered a guilty plea to two counts of sexual battery. The presiding judge also stated that if the State did seek to admit the indictment at trial, it should redact the indictment to remove the impermissible matters.

The case proceeded to trial before a different judge, and the State informed the court that a pre-trial hearing had been conducted and its similar transaction evidence ruled admissible, although the State did not indicate to the court that the prior indictment had been ruled inadmissible unless redacted. The trial court inquired into the admissibility of the evidence and also ruled that testimony concerning the prior crimes was admissible. The defendant objected to the admission of the indictment, and the court initially reserved ruling on that issue. However, the trial court subsequently ruled that the unredacted indictment was admissible, over the strenuous and repeated objections of the defendant. Defendant urges that the admission of the indictment requires reversal, especially since the victim of one of the prior crimes did not testify at trial.

We agree that the admission of the unredacted indictment requires reversal under the facts of this case. A review of the record shows that the prior indictment charged defendant with two counts of child molestation, that defendant originally entered guilty pleas to those charges, that those pleas were withdrawn and that defendant subsequently pled guilty to two counts of sexual battery.

Testimony about defendant's prior similar acts was admissible under the test enunciated in *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991). Indeed, testimony about prior similar acts may be admitted even if the defendant was not charged with any crime arising out of the similar acts or if he was tried but not convicted of any crime involving the similar transaction. *Randolph v. State*, 198 Ga. App. 291 (2) (401 SE2d 310) (1991). Evidence that defendant entered a guilty plea to the offense of sexual battery based on incidents involving children was also admissible; and that evidence could have been in the form of the prior indictment if no impermissible matter was contained therein or if it had been properly redacted, even if no testimony had been presented about the similarity of the prior offense. See *Adams v. State*, 208 Ga. App. 29 (430 SE2d 35) (1993) (setting forth an exception to the requirement of *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991) in cases involving sex crimes against children). However, the indictment admitted as evidence of prior similar acts in this case showed that defendant had been previously charged with two counts of child molestation, a crime involving a different intent than that to which he had entered his plea. Compare OCGA §§ 16-6-4; 16-6-22.1. Moreover, at least as to one of the counts, no other evidence except the charging instrument was presented. Thus, the indictment contained impermissible matter and was not admissible. This is especially true in this case because the indictment also showed on its face that defendant originally pled guilty to the child molestation charges, and even though defendant withdrew his plea, the jury was made aware of this admission of guilt. The only purpose in admitting such evidence was to show the jury that defendant had been previously charged with and, although withdrawn, entered a guilty plea to the very same offense for which he was on trial in the present case, but for which defendant had never been found guilty. Clearly the relevance of the evidence showing the prior charges and withdrawn plea was outweighed by the extreme prejudice arising from its admissions. Moreover, our review of the record shows that this is not a case where overwhelming evidence of defendant's guilt allows affirmance despite error. Cf. *Favors v. State*, 182 Ga. App. 179 (1) (355 SE2d 109) (1987). The trial court's failure to either excise the objectionable material or keep the indictment from the jury mandates a reversal.

2. Because of our holding in Division 1, it is unnecessary for us to address defendant's remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 11, 1994 —
RECONSIDERATION DENIED JULY 13, 1994.

*Ruskell & Harris, G. Channing Ruskell,* for appellant.
*Garry T. Moss, District Attorney, Cecelia M. Harris, Assistant District Attorney,* for appellee.