A99A2456. LEE v. THE STATE.
(525 SE2d 426)

JOHNSON, Chief Judge.

Jonathan Lee appeals from his conviction of statutory rape of a 12-year-old girl.

1. Lee argues that the court improperly limited his right to cross-examine Detective Donna Brandenburg about whether the victim's

---

[1] Mosley does not appeal from the trial court's finding that she was in default under a bill of sale to secure debt.

stepfather told her that someone had told him that the victim was pregnant. Lee asserts that the attempted cross-examination was relevant to the defense theory that the victim had gotten pregnant by another man and she was trying to explain her pregnancy by concocting the story that Lee had raped her.

We note that appellate counsel did not represent Lee at trial, and that this assertion regarding the relevance of the alleged pregnancy was not an argument made by trial counsel when the state objected on hearsay grounds to the attempted cross-examination of the detective. Rather, trial counsel argued that the proffered question was not seeking to elicit hearsay testimony from the detective about the stepfather's statement, but was being offered to explain the detective's conduct. Further, trial counsel claimed that the sought-after testimony was relevant because the victim had not, in fact, been pregnant. So if she had erroneously told her stepfather that she was pregnant, counsel reasoned, such a false statement would go to her credibility.

Contrary to these arguments of Lee's trial counsel, the trial court correctly prohibited Lee's attempt to elicit testimony that was both double hearsay[1] and irrelevant.[2] Moreover, because the assertion now made on appeal concerning the relevance of the alleged pregnancy to the defense theory was not made in the trial court, we cannot consider it.

2. Lee challenges the court's admission of similar transaction evidence in the form of his Army court-martial conviction for raping a 15-year-old girl. Lee argues that the state failed to show that the prior rape is similar to the instant rape because the state introduced only certified copies of his court-martial conviction and no other evidence. But contrary to Lee's argument, in child sexual abuse cases, a certified copy of a prior conviction for a sex crime against a child may, with no other evidence, sufficiently prove that the prior crime is similar to the current crime.[3]

Here, the certified copies of Lee's court-martial conviction show that he was found guilty of raping a girl under the age of 16. Given the liberal admission of similar transaction evidence in cases of sex crimes against children, we find that the certified copies of Lee's court-martial conviction adequately proved the similarity of that

---

[1] See OCGA § 24-3-1; *Cobb v. State,* 209 Ga. App. 708, 709 (4) (434 SE2d 513) (1993).

[2] See OCGA §§ 24-2-1; 24-9-62; *Green v. State,* 221 Ga. App. 436, 437 (472 SE2d 1) (1996).

[3] *Swift v. State,* 229 Ga. App. 772, 774 (2) (a) (495 SE2d 109) (1997); *Eiland v. State,* 213 Ga. App. 838, 839 (1) (445 SE2d 765) (1994); *Adams v. State,* 208 Ga. App. 29, 33 (430 SE2d 35) (1993) (physical precedent).

rape of a teenage girl to the rape of the 12-year-old victim in this case.[4]

Lee's additional claim that a military court-martial judgment of guilt does not amount to a criminal conviction, and thus is not provable merely by certified documents, is also without merit. A court-martial is a lawful military court convened for the trying and punishing of armed forces members who commit criminal offenses.[5] "There is a 'conviction' in a court-martial case when a sentence has been adjudged."[6] And in at least one case the Supreme Court of Georgia has implicitly determined that a court-martial finding of guilt is a conviction by noting: "The appellant was court-martialed and found guilty of the murder of Irene Thirkield. The *conviction* was, however, reversed on appeal, and he was not retried."[7]

In his court-martial case, Lee was tried by a military judge who found him guilty of rape and sentenced him to a dishonorable discharge and seven years in confinement. The finding of guilt and the sentence were affirmed on appeal. Because Lee was found guilty of rape and sentenced for the crime, there was a conviction in his court-martial case. And the state properly introduced certified copies of that conviction to prove its similarity to the rape in this case and to show Lee's preference for a certain type of victim, his bent of mind and his modus operandi.[8] Lee has shown no error in the admission of the similar transaction evidence.

3. Lee enumerates that the court erred in sending out the videotape of the victim's police interview with the jury, in telling the jury that the videotape could be viewed only in the courtroom and in sending out written copies of the charges on statutory rape and child molestation with the jury. Our review of the pages of the trial transcript cited by Lee in support of his assertion that these alleged errors were preserved for appellate review by objections in the trial court reveals that there were, in fact, no such proper objections.

When the court indicated it would send the videotape out with the jury, Lee's lawyer did not object on any specific ground and obtain a ruling from the court on that objection, but said simply, "I don't know that the videotape needs to go out. . . ." When an appellant fails to pose a specific objection in proper form, an appellate court is precluded from reviewing the issue.[9]

---

[4] *Salters v. State*, 238 Ga. App. 45, 46 (2) (517 SE2d 593) (1999); *Phillips v. State*, 220 Ga. App. 248 (1) (469 SE2d 292) (1996); *Adams*, supra at 32.

[5] 57 CJS, Military Justice, §§ 2, 138; 6 CJS, Armed Svcs., § 166.

[6] (Citation omitted.) 57 CJS, Military Justice, § 402.

[7] (Citation and punctuation omitted; emphasis supplied.) *Hance v. Kemp*, 258 Ga. 649, 653, n. 4 (373 SE2d 184) (1988).

[8] See *Salters*, supra.

[9] *Chesser v. State*, 228 Ga. App. 164, 167 (2) (491 SE2d 213) (1997).

Similarly, when the trial court said that it was going to grant the jury's request and provide written copies of the definitions of the crimes charged, the attorney again did not object and obtain a ruling from the court, but merely stated, "Judge, I just think sending out those particular charges puts undue emphasis on those two charges." Because Lee did not expressly and specifically object and obtain a ruling, there is nothing for us to review.[10] Moreover, we have held that giving the jury written definitions of the crimes charged is fully within the trial court's discretion and does not amount to reversible error.[11]

4. Lee complains that the trial court erred in granting the jury's request to re-view the videotape of the victim's police interview, while refusing to read back to the jury all of the testimony of several other witnesses. The complaint is without merit.

The jury asked to rehear all of the testimony of three of the four state witnesses and to re-view the videotape. The court informed the jurors that it was not possible for them to rehear all of the requested testimony, although it might be possible to rehear limited portions of testimony. The court told the jurors they could watch the videotape again, but instructed them not to place undue emphasis on the video-tape and to consider it within the context of all the evidence. The court then replayed the videotape for the jurors, who never made a more specific request to rehear other limited portions of testimony.

It is permissible for the trial judge, in her discretion, to permit the jury to rehear requested parts of the evidence after the jury has begun deliberations.[12] Under the circumstances of the instant case, the court did not abuse its discretion in granting the jury's request to re-view the videotape, while denying the jury's broad request to rehear all of the testimony of three witnesses.[13]

5. Lee claims the court's jury charge overemphasized the jurors' exercise of common sense in reaching a verdict and thereby lessened the reasonable doubt standard. We disagree.

At the outset of its jury charge, the court instructed the jurors that their life experiences and common sense could assist them in deciding the issues in the case and in reaching a proper verdict. The court then informed the jury of the crimes alleged and Lee's not guilty plea, that Lee was presumed innocent, and that the state had the burden of proving his guilt beyond a reasonable doubt. In explaining the concept of reasonable doubt, the court charged the

---

[10] See id.

[11] *Jordan v. State*, 207 Ga. App. 710, 712-713 (2) (429 SE2d 97) (1993).

[12] *Havron v. State*, 234 Ga. App. 413, 416 (4) (506 SE2d 421) (1998).

[13] See *Eackles v. State*, 270 Ga. 558, 563 (8) (512 SE2d 635) (1999); *Rutledge v. State*, 237 Ga. App. 390, 393 (5) (515 SE2d 1) (1999); *Havron*, supra.

jury that "reasonable doubt is a doubt of a fair-minded, impartial juror honestly seeking the truth. It is a doubt based upon common sense and reason."

This charge on reasonable doubt has been upheld by both this court and the Supreme Court of Georgia.[14] Moreover, the charge to the jury must be considered as a whole, and a particular instruction is not to be taken out of context in determining its correctness.[15] Considered in the context of the entire jury charge, the court's instructions on common sense and reasonable doubt were correct statements of the law that did not shift the burden of proof to Lee or deprive him of the benefit of reasonable doubt.[16] We find no error in the jury charge.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 18, 1999 —
RECONSIDERATION DENIED DECEMBER 1, 1999 — ▮▮▮▮▮▮▮

*Barnes, Browning, Tanksley & Casurella, George T. Smith,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney,* for appellee.

---

[14] See *Andrews v. State*, 236 Ga. App. 152 (1) (511 SE2d 258) (1999).
[15] *Roberson v. State*, 236 Ga. App. 654, 655 (1) (a) (512 SE2d 919) (1999).
[16] See *Lovett v. State*, 165 Ga. App. 379 (2) (301 SE2d 303) (1983).