## A03A1057. HOSTETLER v. THE STATE.
### (582 SE2d 197)

BLACKBURN, Presiding Judge.

Following his conviction by a jury on three counts of child molestation, Barry Lynn Hostetler appeals, arguing that (1) the trial court erred in admitting similar transaction evidence and (2) the State failed to prove beyond a reasonable doubt that his actions and conduct were done with the intent to arouse and satisfy the sexual desires of both himself and the child victim. For the reasons set forth below, we affirm.

"On appeal, the evidence must be viewed in a light most favorable to the verdict." *Eggleston v. State*.[1] So viewed, the evidence shows that in the summer of 1996, Hostetler was frequenting the premises of the Wynbrook Apartments in Norcross, often arriving at the complex around 9:30 a.m. or 10:00 a.m. and not leaving until 5:30 p.m. or 6:00 p.m. Hostetler was observed either sitting in his car, often for hours at a time and with the windows rolled up despite the summer heat, or walking through the grounds of the complex and going through a hole in a fence to an adjoining apartment complex and the playing fields of a middle school and a high school. Many of the children who lived in the apartment complexes congregated and played near the hole in the fence and on the playing fields.

A resident of the Wynbrook Apartments, who had become increasingly concerned about Hostetler's behavior, called the police on August 9, 1996. Shortly after police officers arrived in response to the call, they saw Hostetler emerging from the trees near the apartment complex. When the officers approached Hostetler and yelled at him to stop, he got into his car and fled at a high rate of speed. The officers were unable to pursue Hostetler, but he was identified through automobile registration records and arrested several months later following an anonymous tip.

The officers spoke with children at the apartment complex, and the children told the officers that they had played tag and catch with Hostetler. The victim, nine years old at the time, told one of the police

---

[1] *Eggleston v. State*, 247 Ga. App. 540 (544 SE2d 722) (2001).

officers that Hostetler had touched her breasts. At trial, the victim testified that Hostetler also had placed his hand on her breast while they were on a path in the park. She testified further that on several occasions she had been with Hostetler in a place in the woods he called his "hideout." On one occasion while she was with him at the hideout, Hostetler touched her breasts; on another occasion at the hideout, he rubbed his hand up her leg and touched her vagina as she sat in his lap; on still another occasion when the victim was with Hostetler in the hideout, he undid his shorts and exposed his penis to her.

1. In his first enumeration of error, Hostetler contends that the trial court erred in admitting evidence of three similar transactions.

> Absent an abuse of discretion, a trial court's ruling as to the admissibility of similar transaction evidence will not be disturbed. Further, in crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses. . . . Notwithstanding this exception, [under *Williams v. State*[2]] the State must still make three affirmative showings: a proper purpose for the use of the evidence, sufficient proof that the defendant did, in fact, commit the independent act, and sufficient similarity or connection between the two incidents so that proof of the former tends to prove the latter.

(Citations and punctuation omitted.) *Eggleston*, supra at 541 (1). The only *Williams* factor which Hostetler asserts on appeal as constituting reversible error is the alleged failure of the State to establish the requisite degree of similarity of the prior transactions. Specifically, Hostetler maintains that, unlike the present case in which he was convicted of touching the victim's vagina and breasts, none of the alleged similar transactions ruled admissible by the trial court involved instances of his touching any part of any of the children's anatomy. This argument is meritless.

As noted above, the State presented evidence of three similar transactions. With respect to the first of these transactions, in June 1994, Hostetler was seen after he had parked his car in the parking lot of an apartment complex in Jonesboro. Hostetler got out of his car and began drying his car with a towel. He was wearing shorts with no underwear, and as he watched children in the complex playing, he

---

[2] *Williams v. State*, 261 Ga. 640, 642 (2) (409 SE2d 649) (1991).

exposed his penis and masturbated. A resident of the complex called police, but Hostetler left before the police arrived. Five days later, Hostetler was again seen driving slowly through the complex; residents again called the police and he was arrested. He pled guilty to a charge of public indecency.

Testimony concerning a second incident established that, on May 13, 1990, a woman saw Hostetler looking into the window of the apartment she occupied with her daughters. The woman called the police, but Hostetler left before they arrived. A short time later, the woman saw Hostetler once again standing outside the window of her apartment; he was masturbating. The police were again called, and Hostetler was arrested. Hostetler pled guilty to criminal trespass.

On July 19, 1978, three children observed Hostetler sitting in a van parked in a school parking lot. Hostetler drove toward them, opened the door of the van, and told them to get in. Hostetler was naked from the waist down and had been masturbating. The children ran home and told one of the children's mother, who called the police. Hostetler was arrested. He pled guilty to the offense of child molestation and was sentenced to five years probation as a first offender.

We find each of the three incidents to be sufficiently similar to the crime for which Hostetler was convicted. Each of these incidents involved Hostetler's going to a location frequented by children and exposing himself to children. The fact that Hostetler did not actually touch a child during any of these incidents, as he did in the present case, does not render the incidents insufficiently similar. "There is no requirement that the prior crime or transaction be absolutely identical in every respect." *Hathcock v. State*.[3] Moreover, "[t]he sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible." *Oller v. State*.[4]

2. In his second enumeration of error, Hostetler contends that the State failed to prove beyond a reasonable doubt that his acts were done, as alleged in the indictment, with the intent to arouse and satisfy the sexual desires of both himself and the child victim. We rejected this same argument in *Hathcock*, supra, wherein we stated:

Defendant contends there was a fatal variance between the indictment and the evidence at trial since the indictment charged him with exposing his penis with the intent to arouse and satisfy both his and the child's sexual desires, but there was no evidence presented that he intended to

---

[3] *Hathcock v. State*, 214 Ga. App. 188, 192 (8) (447 SE2d 104) (1994).
[4] *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455) (1988).

arouse the child's sexual desires. When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or meth-, ods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. In view of the conjunctive form of the indictment in this case, it was not incumbent upon the State to prove that defendant intended to arouse both his and the child's sexual desires. There was no fatal variance because the evidence was sufficient to show defendant committed child molestation in one of the ways alleged in the indictment.

(Citation and punctuation omitted.) *Hathcock*, supra at 190 (4). *Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MAY 12, 2003.

*Robert Greenwald*, for appellant.
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.