S03Z0378. IN THE MATTER OF: INQUIRY CONCERNING JUDGE CHARLES T. ROBERTSON II.
(596 SE2d 2)

PER CURIAM.

This matter comes before the Court on the recommendation of the Judicial Qualifications Commission (JQC) that Charles T. Robertson II, Chief Magistrate Judge for the Magistrate Court of Cherokee County, be removed from office because Judge Robertson is ineligible to hold any elected judicial position as a result of his statutory disqualification and violations of the Code of Judicial Conduct.[1] Having reviewed the record of the JQC inquiry, we conclude that Judge Charles T. Robertson II has acted in a manner detrimental to the judiciary and order that he be immediately removed from the bench.

Charles T. Robertson II is an elected magistrate court judge. In qualifying to run for the office of magistrate, Judge Robertson submitted a "Declaration of Candidacy and Affidavit" in which he swore that he had never been convicted and sentenced in any court of competent jurisdiction for a felony involving moral turpitude, or if so convicted, that his civil rights had been restored. In September 2000 a citizen of Cherokee County filed a lawsuit against Judge Robertson to enjoin him from seeking elected office on the ground that he was a convicted felon and thus unqualified to serve as magistrate. The superior court dismissed the case because it was filed outside the statutory time requirement for challenging qualification to an elected

---

[1] The Judicial Qualifications Commission alleged violations of Article II, Section II, Paragraph III of the Georgia Constitution (eligibility for public office); OCGA §§ 21-2-6 and 21-2-8 (candidate eligibility and qualifications) and OCGA § 45-2-1 (eligibility of a public officer) as well as violation of Canons One (judges should uphold the integrity and independence of the judiciary) and Two (judges should avoid impropriety and the appearance of impropriety in all their activities) of the Code of Judicial Conduct.

office. Thereafter, in February 2001, a complaint was filed with the JQC alleging that Judge Robertson's two general court martials and convictions under the provisions of the Uniform Code of Military Justice (UCMJ) constituted felony convictions involving crimes of moral turpitude affecting his eligibility to hold public office. See OCGA § 21-2-8. After conducting an investigation the JQC determined that the factual allegations of the complaint were correct and brought formal charges against Judge Robertson on November 12, 2002 to "determine whether he has violated Canons 1 and 2 of the Code of Judicial Conduct in that he has been previously convicted of crimes that would constitute felonies under Georgia law and thus render Judge Robertson unqualified to serve as Chief Magistrate of the Magistrate Court of Cherokee County." At the formal hearing held in August of 2003, the JQC and Judge Robertson stipulated, inter alia, that he engaged in the alleged conduct and been subject to military convictions and discipline[2] but that he never received notification that lost his right to vote, to serve on a jury, or to own a firearm, and that he exercised some or all of these rights. He also stipulated that in 1994, the Army Board for Correction of Military Records denied his request for a review of his bad conduct discharge and reaffirmed that the gravity of the charged offenses warranted trial by court-martial and authorized dishonorable discharge, confinement for two years and total pay forfeiture.

The JQC issued its findings and recommendations in which it determined by clear and convincing evidence that although the UCMJ does not specifically categorize crimes as felony or misdemeanor, and regardless of the actual sentence imposed, Judge Robertson's two general court-martial convictions that could have been punished for imprisonment for at least 12 months constituted offenses that are analogous to a felony. See *United States v. Moore*, 5 U.S.C.M.A. 687, 695-696 (1955) ("[w]e entertain no doubt that an offense serious enough to bear the stigma of a dishonorable discharge possesses the seriousness of felony, and as well bears a heavy content of moral turpitude. We cannot approve of any sort of view which minimizes the gravity of offenses merely because they are of 'a military

---

[2] On March 21, 1979 following a general court martial proceeding, Judge Robertson (then known as Charles Sexton) was convicted of larceny for wrongfully selling military property, specifically, an infrared guided missile tracker and a guided missile remote control test. The maximum permissible punishment that could have been imposed was dishonorable discharge, pay forfeiture and five years of hard labor confinement. Judge Robertson was sentenced to salary forfeiture and reduction in rank.

On April 21, 1980 Judge Robertson pled guilty before a Court of General Court Martial to a violation of possession of drugs. He was sentenced to pay forfeiture and given a bad conduct discharge.

Following his discharge from the U.S. Army, Judge Robertson changed his name from Charles T. Sexton to Charles T. Robertson II.

nature' "). The JQC also found that under Georgia law the military offenses at issue met the statutory definition of a felony as "a crime punishable by death, imprisonment for life, or by imprisonment for more than 12 months." OCGA § 16-1-3 (5). It further determined that Judge Robertson's conviction for the wrongful sale of military property and his conviction for wrongful possession of methamphetamines amounted to crimes involving moral turpitude. See *Lewis v. State*, 243 Ga. 443 (254 SE2d 830) (1979). Finally, the JQC found that the Georgia Board of Pardons and Paroles had not restored Judge Robertson's civil or political rights and that Judge Robertson committed an act of false swearing when as a candidate for judicial office, he swore under oath that he had never been convicted of a felony. In arriving at the ultimate determination that Judge Robertson violated and continues to violate Canons One and Two of the Code of Judicial Conduct, a majority of the JQC recommended that Judge Robertson be removed from the bench immediately and that he not be allowed to seek judicial election until he has his civil rights restored and has otherwise fulfilled the requirements of the Georgia Constitution and our statutes to seek judicial office.[3]

1. It is the function of this Court in determining whether a judge's conduct warrants discipline to not only review and give substantial consideration to the findings of the JQC but to exercise independent judgment based upon the entire record to reach our own conclusion regarding disciplinary action against a sitting judge. *In the Matter of: Inquiry Concerning a Judge*, 265 Ga. 843 (1) (462 SE2d 728) (1995). In reaching a determination, this Court employs the "clear and convincing proof" standard to decide whether allegations against a judge are established by the evidence of record. Id. We find by clear and convincing evidence that in violation of the Code of Judicial Conduct, Judge Robertson falsely swore that he had not been convicted of a felony involving moral turpitude and that he had his rights restored at the time he completed the candidate affidavit. We reject Judge Robertson's argument that his conduct does not require sanctions because the convictions under the UCMJ were not contemplated by our constitutional and statutory scheme governing eligibility to hold public office. Instead, we agree with the JQC's finding that his crimes constitute felonies. See generally *Lee v. State*, 241 Ga. App. 182 (2) (525 SE2d 426) (1999) (military court-martial judgment of guilt amounts to a criminal conviction).

2. The purpose of judicial removal proceedings and the function of the JQC, above all, is to assure the citizens of this State that the

---

[3] Two members of the JQC concurred in the decision but did not agree that Judge Robertson should be removed from the bench.

judiciary is worthy of its trust. See Canon One of the Code of Judicial Conduct. See also *Miss. Comm'n on Judicial Performance v. Hartzog*, 822 S2d 941, 945 (Miss. 2002). Although there is no evidence that Judge Robertson acted in a manner that discredited the court while in the performance of his judicial duties, compare *In the Matter of: Inquiry Concerning a Judge*, supra, 265 Ga. at 848 (5), the case for his removal is just as compelling as judges are required to avoid not just impropriety, but the appearance of impropriety in their activities in order to maintain "public confidence in and respect for the judiciary. . . . The test for the appearance of impropriety is whether the situation would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired. [Cit.]" *In the Matter of: Inquiry Concerning a Judge*, 269 Ga. 425 (499 SE2d 319) (1998). By taking the position that his military crimes were not in the nature of crimes that involved moral turpitude and in failing to disclose his actions or make an expression of contrition for them prior to being elected to the judiciary, and by his "steadfast unwillingness to accept moral accountability," *In the Matter of: Inquiry Concerning a Judge*, 275 Ga. 404, 412 (3) (566 SE2d 310) (2002), Judge Robertson's continued presence on the bench erodes the public's confidence in the judiciary and puts at risk the integrity of the judicial system of which he is a member.

3. Discipline may be imposed upon a showing by clear and convincing evidence, JQC Rule 7 (e), that the judge engaged in "conduct prejudicial to the administration of justice which brings the judicial office into disrepute." JQC Rule 4 (b). Prejudicial conduct refers to actions taken in bad faith by a judge acting outside of his or her judicial capacity. Whether discipline should be imposed and the severity of discipline depends, in part, upon the effect of the improper activity on the judicial system. *In the Matter of: Inquiry Concerning a Judge*, 265 Ga. 326 (1) (454 SE2d 780) (1995). After reviewing the record before us we approve the findings and recommendation of the JQC that Judge Robertson's conduct, in providing false information on the candidate affidavit with regard to his eligibility to hold the office of magistrate judge and in concealing the nature of the crimes he committed before entering the judiciary, is contrary to upholding of the integrity and independence of the judiciary required by Canon One of the Code of Judicial Conduct, raises the appearance of impropriety in violation of Canon Two of the Code of Judicial Conduct, and is incompatible with continued judicial service. Accordingly, it is hereby ordered that Judge Charles T. Robertson II, Chief Judge of the Magistrate Court of Cherokee County, be removed from office instanter.

*Removed from office. All the Justices concur.*

DECIDED APRIL 19, 2004 —
RECONSIDERATION DENIED MAY 20, 2004.

Cheryl F. Custer, Steve C. Jones, Michael J. Bowers, Thomas J. R. Archer, for Judicial Qualifications Commission.
David J. Myers, for Robertson.