A04A0396. MULLIS v. THE STATE.
(599 SE2d 357)

ADAMS, Judge.

Michael Mullis was convicted of aggravated child molestation. On appeal, he contends that the trial court committed errors in connection with evidence of similar transactions that the court allowed into evidence.

In the case on trial, Mullis was charged with aggravated child molestation for "perform[ing] a sexual act involving the sex organ of the accused and the mouth of another person, to-wit: [D. J.], being a minor under the age of sixteen (16) years of age, with the intent to arouse and satisfy the sexual desires of the accused. . . ." At trial, the evidence showed that Mullis forced the three- or four-year-old child to place his penis in the child's mouth. Mullis was the father of the child's half-brother.

Two months prior to trial, the State filed a notice of intent to proffer evidence of similar transactions involving N. M. and A. W. Just prior to trial, following a hearing on the matter, the trial court held that the similar transaction evidence was admissible.

*Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), outlined the three showings the State must make to admit a similar transaction. First, the State must identify a proper purpose for admitting the transaction; second, the State must show that the accused committed the separate

offense; and third, the State must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.

*Rowe v. State,* 263 Ga. App. 367, 368 (1) (587 SE2d 781) (2003).

1. Mullis first contends that the court erred by concluding that the evidence was offered for a proper purpose. The State presented the evidence to demonstrate Mullis's bent of mind and lustful disposition. Evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. *Perry v. State,* 263 Ga. App. 670, 671 (2) (588 SE2d 838) (2003). Here, evidence was presented that on multiple occasions Mullis touched N. M., Mullis's own six-year-old child, on the sexual organs, required the child to perform oral sex on him, and put his mouth on the child's genital area. This would occur when the child was staying at Mullis's house. Evidence was also presented that Mullis touched seven-year-old A. W., his brother's stepchild, with his hand on several occasions on the child's vagina under her clothes. This would occur at Mullis's home when the child was left in his care. We find no abuse of discretion.

2. Mullis contends that the incidents were not sufficiently similar to the facts of the case on trial. This Court has held that "the sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts or other conduct perpetrated upon them, is of sufficient similarity to make the evidence admissible." (Citation and punctuation omitted.) *Myrick v. State,* 242 Ga. App. 892, 894 (1) (531 SE2d 766) (2000). We find no abuse of discretion. *Johns v. State,* 253 Ga. App. 207, 208 (1) (558 SE2d 426) (2001).

3. Mullis contends that the trial court erred by admitting the indictment associated with charges arising from Mullis's actions toward N. M. and A. W. But this evidence was admissible because evidence was presented at trial to support the charges in the indictment. *Taylor v. State,* 264 Ga. App. 665, 671 (592 SE2d 148) (2003); *Wagner v. State,* 253 Ga. App. 874, 877 (1) (c) (560 SE2d 754) (2002). Mullis also argues that the indictment should not have been admitted because Mullis pled guilty to only one charge and was never prosecuted on the remaining charges against him. But again, because evidence was offered at trial to support the charges against him, there is no error. *Taylor,* 264 Ga. App. at 671 (admission of indictment charging rape and false imprisonment in a similar transaction where defendant pled guilty only to misdemeanor sexual battery not error where evidence offered at trial supported the other charges).

*Eiland v. State,* 213 Ga. App. 838 (1) (445 SE2d 765) (1994), is distinguishable for at least two reasons. First, the indictment in *Eiland* showed that the defendant had pled guilty to the prior

charges, whereas in fact, he had later withdrawn his guilty plea. Id. Second, no evidence was presented at trial in support of at least one of the counts shown on the earlier indictment. Id. at 839.

The trial court did not abuse its discretion in admitting evidence of these similar transactions. Our decision resolves all remaining enumerations of error.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED MAY 14, 2004.

*Copeland & Haugabrook, Karla L. Walker*, for appellant.

*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.