648 S.E.2d 761 (2007)
WASHINGTON
v.
The STATE.
No. A07A0708.
Court of Appeals of Georgia.
July 3, 2007.
*762 Daniel L. Henderson, for Appellant.
Patrick H. Head, Dist. Atty., Maurice Brown, Atlanta, Amelia Greeson Pray, Marietta, Asst. Dist. Attys. for Appellee.
RUFFIN, Judge.
A jury found Cardell Washington guilty of rape, aggravated sodomy, and aggravated assault with attempt to commit rape. On appeal, Washington contends that the trial court erred in admitting evidence of an earlier guilty plea to child molestation. We find no error and affirm.
1. We first address Washington's failure to file his brief in a timely manner. Washington was initially granted an extension of time for the filing of his brief, which resulted in the brief being due by January 12, 2007. On January 10, 2007, he filed a second motion for extension of time to file his brief, which was denied on January 18, 2007. Washington then filed his brief on January 23, 2007, and a motion for reconsideration of the motion for extension on January 24, 2007. We hereby deny Washington's motion for reconsideration of his motion for extension of time in which to file his brief. Nonetheless, because the failure to timely file the brief appears to lie with counsel rather than Washington, we will consider Washington's appeal.[1] Because "we expect all counsel practicing in this Court to know and to follow its rules[, w]e thus require by separate order that [Washington's] counsel show cause why he should not be cited for contempt for failure to comply with this Court's rules."[2]
2. Viewed in a light most favorable to the verdict,[3] the evidence shows that Washington and the 16-year-old victim and her family were living at the apartment of a mutual friend. Washington entered the victim's bedroom while she was sleeping; when the victim refused to have sex with him, he choked her and held a fork to her throat. He forced her to perform oral sex and to have intercourse with him. As soon as she was able, the victim called the police, who took her to the hospital for a rape kit examination. The jury saw photographs taken at the hospital of abrasions on the victim's neck. DNA evidence obtained from the victim matched Washington's DNA.
At trial, the State introduced into evidence a certified copy of Washington's indictment for and guilty plea to child molestation in 1991. The indictment alleged that Washington committed "an immoral and indecent act . . . [upon] a child under 14 years of age, with the intent to arouse and satisfy [his] sexual *763 desires . . . by touching and fondling the child's genitalia, vaginal area, and breasts." The only testimony about the earlier crime came from the investigating officer, who identified Washington as the defendant, but did not provide any details of the crime. Washington asserts that the trial court erred in admitting this evidence because at trial the State did not attempt to show through testimony any similarity between the prior transaction and the crime charged.[4]
We review a trial court's ruling on the admissibility of similar transaction evidence for abuse of discretion.[5] The general rule is that evidence of another crime may be admitted if it is shown that: the evidence is being used for a proper purpose, such as proof of the defendant's identity, intent, course of conduct, or bent of mind; the defendant was the perpetrator of the other crime; and "a sufficient connection or similarity exists between the independent offense or act and the crime charged so that proof of the former tends to prove the latter."[6] In sexual offenses, "admissibility of similar transaction evidence is liberally construed" and "the sexual molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admitted as similar transaction evidence."[7]
Washington contends that at trial the State was required to do more than merely introduce a certified copy of his conviction to establish that the crimes were sufficiently similar. Our Supreme Court has held that a certified copy of a previous conviction, without explanatory testimony, "[does not] establish the similarity or connection between that independent offense and the crime charged."[8]Williams, Stephens, and the other cases on which Washington relies, however, do not involve sexual offenses.[9] In cases decided after Williams and Stephens, this Court has held that, because of the liberal admission of similar transaction evidence in cases involving sexual offenses, especially those against children or teenagers, "a certified copy of a prior conviction for a sex crime against a child may, with no other evidence, sufficiently prove that the prior crime is similar to the current crime."[10]
Here, both crimes involve Washington forcing sexual acts on teenage girls. Although the victim in this case was 16 years old  and thus Washington was not charged with child molestation  we find that our rationale in Lee and Parker, allowing a certified copy of a conviction to suffice as proof of similarity, applies under these circumstances. Even when a sexual assault is committed against an adult, we have found that, unlike other crimes, "this type of deviant sexual behavior is a sufficiently isolated abnormality so that proof of the propensity of the defendant to engage in it is at least admissible, and to this extent proof of the one tends to establish the other."[11] And we are unwilling *764 to apply a different standard of proof for similar transaction evidence in a sexual assault case merely because the victim was 16 and not 15.[12] Accordingly, we find that the trial court did not abuse its discretion in admitting the certified copy of Washington's conviction as evidence of the similar transaction.[13]
Judgment affirmed.
BLACKBURN, P.J., and BERNES, J., concur.
NOTES
[1] See Smith v. State, 278 Ga.App. 315(1), 628 S.E.2d 722 (2006).
[2] (Punctuation and footnotes omitted.) Id.
[3] See Williams v. State, 284 Ga.App. 255, 643 S.E.2d 749 (2007).
[4] Washington does not allege that the trial court erred in its determination at the Uniform Superior Court Rule 31.3(B) hearing before trial that the State had established the requisite similarity between the crimes.
[5] See Hostetler v. State, 261 Ga.App. 237, 238(1), 582 S.E.2d 197 (2003).
[6] Murphy v. State, 272 Ga.App. 287, 288(1), 612 S.E.2d 104 (2005).
[7] (Punctuation omitted.) Morita v. State, 270 Ga.App. 372, 374(2), 606 S.E.2d 595 (2004); see Williams, supra, 284 Ga.App. at 257(2), 643 S.E.2d 749.
[8] Williams v. State, 261 Ga. 640, 642(2)(d), 409 S.E.2d 649 (1991); see Stephens v. State, 261 Ga. 467, 469(6), 405 S.E.2d 483 (1991).
[9] See Williams, supra, 261 Ga. at 640, 409 S.E.2d 649 (possession with intent to distribute cocaine); Stephens, supra at 468-469(6), 405 S.E.2d 483 (sale of cocaine); Faulkner v. State, 206 Ga.App. 3(1), 424 S.E.2d 287 (1992) (burglary).
[10] Lee v. State, 241 Ga.App. 182, 183(2), 525 S.E.2d 426 (1999) (certified copy of conviction for raping a 15-year-old girl adequately proved similarity of that rape to the rape of 12-year-old victim); see Parker v. State, 283 Ga.App. 714, 721(3), 642 S.E.2d 111 (2007) (certified copy of indictment and guilty plea were adequate to prove similarity between touching of 13-year-old victim's breast and vagina and fondling the breast of a child under 14).
[11] (Punctuation omitted.) Enurah v. State, 279 Ga.App. 883, 885(2), 633 S.E.2d 52 (2006); see also Robbins v. State, 277 Ga.App. 843, 844(1), 627 S.E.2d 810 (2006).
[12] See generally Turner v. State, 245 Ga.App. 476, 478(2), 538 S.E.2d 125 (2000) (citing proposition that certified copy of conviction is sufficient, standing alone, to show similarity between sexual crimes against children; victim was assaulted over period from age thirteen until she was a senior in high school, and similar transaction involved nine-year-old girl).
[13] See Parker, supra; Lee, supra at 184, 525 S.E.2d 426.