## A11A0264. SPRADLING v. THE STATE.
### (715 SE2d 672)

DILLARD, Judge.

Following a jury trial, Phillip Clayton Spradling was convicted on one count of aggravated sexual battery, one count of aggravated sodomy, four counts of child molestation, and two counts of enticing a child for indecent purposes. His sole contention on appeal is that the trial court erred by admitting similar-transaction evidence. We disagree and affirm.

Construed in the light most favorable to the jury's verdict,[1] the evidence shows that in September 2008, Spradling lured twelve-year-old C. W. and nine-year-old C. H. to his house under the guise that he was acting at the direction of C. W.'s mother.[2] After the boys arrived at Spradling's home and discovered that C. W.'s mother was not there, they asked Spradling to return them to C. W.'s grandmother, but Spradling refused to do so. Instead, Spradling coerced the boys into drinking beer, smoking cigarettes, and running around the house naked. As the night progressed, Spradling rubbed lotion on the children's naked bodies, while fondling each boy's buttocks and anus. The children resisted Spradling's efforts, but he proceeded undeterred. At some point, Spradling also placed C. H. on his lap and grabbed the boy's privates. Spradling then threatened the boys with physical harm if they told anyone what he had done.

Despite Spradling's threats, the children reported his actions to their respective mothers. C. H. also reported that Spradling abused him on a previous occasion, when Spradling penetrated C. H.'s anus with both his penis and his finger.

During the subsequent trial, the jurors were shown two video-taped interviews of each child that were conducted as part of the

---

[1] *See, e.g., McIntyre v. State*, 302 Ga. App. 778, 779 (1) (691 SE2d 663) (2010).

[2] C. W. and C. H. were cousins staying at the home of C. W.'s grandmother, and Spradling was a family friend.

ensuing investigation, and drawings by each boy, indicating the areas of their bodies where Spradling touched them, as well as the areas of Spradling's body that they were forced to touch. The jury also heard testimony from a nurse examiner specializing in sexual assault, who conducted physical examinations of the children. The nurse testified that C. W.'s anal region was "abnormal" with redness and irritation, a finding she opined could be consistent with sexual assault. She further testified that C. H.'s anal region had evidence of scarring and irregular tissue, which she characterized as "strong" evidence of sexual abuse. Photographs of these physical findings were introduced into evidence by the State.

Additionally, the investigating detective testified as to his search of Spradling's home (where the molestation occurred), noting that the search produced items directly corroborating the boys' account of what transpired there: (1) Natural Light beer bottles, which were consistent with C. H.'s contention that the beer Spradling coerced the boys into drinking was contained in glass bottles that included a label beginning with the letter "N"; and (2) an empty pack of Bronco cigarettes, which was consistent with C. H.'s report that the cigarettes provided to the boys were in a red-and-white box.[3] Finally, the State introduced a certified copy of Spradling's prior indictment, plea, and sentence from the State of California for the sexual abuse of a male child who was victimized by Spradling from age eight through age fifteen.

On appeal, Spradling's sole enumeration of error is that the trial court erred by admitting the certified copy of his prior conviction because (1) the State failed to establish a similarity between the prior crimes and the current crimes, and (2) the California documents were insufficient to otherwise establish that he had been convicted of the prior crimes. Spradling's claims are without merit.

Generally speaking, the State is precluded from admitting similar-transaction evidence without presenting to the jury evidence showing a "connection and/or similarity between that offense or act and the crime charged . . . such that proof that the accused committed the former tends to prove that the accused also committed the latter."[4] It is well established, however, that in cases involving sexual offenses against children, "a certified copy of a prior conviction for a sex crime against a child may, with no other evidence, sufficiently

---

[3] It was later discovered that the lotion used by Spradling belonged to C. W.'s mother, who had unknowingly retrieved it from Spradling's home after the incident.

[4] *Williams v. State*, 261 Ga. 640, 642 (2) (c) (409 SE2d 649) (1991) ("[I]n its presentation to the trier of fact, the [S]tate must do more than merely introduce a certified copy of a conviction and/or indictment into evidence." (citation omitted)); *see* Unif. Sup. Ct. R. 31.3 (B).

prove that the prior crime is similar to the current crime."[5]

Here, the certified copies submitted by the State included a California indictment that charged Spradling with one count of "continuous sexual abuse" against a child to whom Spradling had recurring access and with whom he "engage[d] in three and more acts of lewd and lascivious conduct" while the child was eight years of age until the child was thirteen years of age; and three counts of "lewd and lascivious conduct" upon the same child for "willfully and lewdly commit[ting] a lewd and lascivious act upon and with the body and certain parts and members thereof of . . . [the] child . . . with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of the said defendant and of said child" while the child was fourteen and fifteen years old and Spradling was at least ten years older. The certified documents further included a plea form, pursuant to which Spradling pleaded nolo contendere to each of the crimes charged and a document entitled "abstract of judgment - prison commitment," reflecting that Spradling had been sentenced to prison for 13 years.

Contrary to Spradling's position, these documents are sufficient to prove not only the similarity between the present crimes and the former crimes, but also to establish that he was, in fact, convicted of those offenses. It is of no import that the terminology of the crimes charged differs from that used in Georgia law, or that the nomenclature on the relevant documents vary from those propounded in Georgia courts.[6] And to the extent Spradling's brief implies that the prosecutor's mention of the prior convictions during the State's closing argument was improper, he is simply incorrect.[7]

*Judgment affirmed. Smith P. J., and Mikell, J., concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Spradling argues for the first time that the admission of his prior nolo contendere plea violated

---

[5] *Washington v. State*, 286 Ga. App. 268, 269-70 (2) (648 SE2d 761) (2007) ("In sexual offenses, admissibility of similar[-]transaction evidence is liberally construed and the sexual molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admitted as similar[-]transaction evidence." (punctuation and footnote omitted)); *see Parker v. State*, 283 Ga. App. 714, 721 (3) (642 SE2d 111) (2007) (same); *Lee v. State*, 241 Ga. App. 182, 183-84 (2) (525 SE2d 426) (1999) (same).

[6] *See generally Lee*, 241 Ga. App. at 184 (2) (concluding that evidence that the appellant was found guilty of a crime in a court-martial proceeding and subsequently sentenced for that crime was sufficient to establish that he was convicted, irrespective of the foreign tribunal).

[7] *See generally Arrington v. State*, 286 Ga. 335, 346-47 (16) (e) (687 SE2d 438) (2009) (noting that the State is entitled to comment on similar-transaction evidence properly admitted at trial); *O'Neal v. State*, 170 Ga. App. 637, 638 (2) (318 SE2d 66) (1984) (same).

OCGA § 17-7-95 (c).[8] That argument was not previously raised on appeal, nor was it raised in the trial court. While we agree with Spradling that OCGA § 17-7-95 (c) prohibits the admission of a plea of nolo contendere as similar-transaction evidence, Spradling's "failure to make an objection based on this ground at trial constitutes waiver of the issue since reversal of the trial court is not authorized on the basis of an evidentiary ruling that the trial court was never called upon to make."[9] It follows, then, that Spradling did not preserve this issue for appellate review.

*Motion for reconsideration denied.*

DECIDED JUNE 9, 2011 —
RECONSIDERATION DENIED JUNE 30, 2011.

*Steven E. Miller, Jad B. Johnson, David J. Dunn,* for appellant.
*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney,* for appellee.

---

[8] In pertinent part, OCGA § 17-7-95 (c) provides that, "[e]xcept as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose."

[9] *Martin v. State*, 281 Ga. 778, 779-80 (2) (642 SE2d 837) (2007) ("Georgia has long followed the contemporaneous objection rule, which provides that counsel must make a proper objection on the record at the earliest possible time to preserve for review the point of error." (citation and punctuation omitted)). *See Bryson v. State*, 282 Ga. App. 36, 44 (5) (638 SE2d 181) (2006) (appellant's argument that similar-transaction evidence was improperly admitted under OCGA § 17-7-95 (c) was waived when raised for the first time on appeal); *City of Monroe v. Jordan*, 201 Ga. App. 332, 334 (2) (411 SE2d 511) (1991) (same) (overruled on other grounds, *Sheriff v. State*, 277 Ga. 182, 187-88 (2) (587 SE2d 27) (2003)).