### A11A1301. BUTLER v. THE STATE.

(717 SE2d 649)

PHIPPS, Presiding Judge.

Stephen Lee Butler filed this interlocutory appeal from the trial court's grant of the state's motion to admit similar transaction evidence, contending that: (1) the independent offenses are not sufficiently similar to the crimes charged; and (2) the probative value of evidence of the independent offenses is outweighed by the preju-

---

dicial effect. Finding no error, we affirm.

Before issuing an order admitting the independent offenses, the trial court held a hearing pursuant to Uniform Superior Court Rule 31.3 (B).[1] At the hearing, the state bore the burden of making three affirmative showings as to the independent offenses it sought to introduce.[2]

> The *first* of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility. The *second* affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The *third* is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.[3]

1. Butler does not take issue with the trial court's finding that the state made the first of these showings, that is, the purpose for which the separate offenses would be admitted. Nor does he contest that he committed the separate offenses, to which he pled guilty. Rather, Butler takes issue with the trial court's finding as to the third of the required showings, that the independent offenses and the crimes charged are sufficiently similar so that proof of the former tends to prove the latter.

Butler has been indicted for aggravated sexual battery, aggravated child molestation, and child molestation, for acts committed against his four-year-old daughter in 2008. Specifically, Count 1 of the indictment charges Butler with aggravated sexual battery in that he did "intentionally penetrate with a foreign object, to wit: a shiny object that makes a sound and moves, the sexual organ of [the child] without her consent." Count 2 of the indictment charges Butler with aggravated child molestation in that he did

> perform an immoral and indecent act to . . . a child under the age of sixteen (16) years, by placing a shiny object that makes a sound and moves inside her vaginal area, which did

---

[1] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) (before any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B)).

[2] Id.

[3] Id. (citation and footnote omitted; emphasis supplied).

result in physical harm to said child, with intent to arouse and satisfy the sexual desires of said child and said accused.

Count 3 of the indictment charges Butler with child molestation for bathing with the child with the door locked, with the intent to arouse and satisfy the sexual desires of said child and said accused.

The evidence of the independent offenses showed that in January 2005, approximately four years before the crimes charged, Butler communicated in an internet chat room with a police officer posing as a fourteen-year-old girl. When the officer sent a message to Butler that the child was "looking for sex," the two arranged to meet. Butler mentioned that he liked girls or women who dressed in a particular manner and asked that the child dress that way for the meeting. Butler stated that he would bring condoms to the meeting, and he promised the child "a good time."

Two days after the initial communication, Butler arrived at a park, as arranged, to meet the fourteen-year-old child. An undercover police officer posed as the child. Butler did not touch the undercover officer. As Butler and the officer began to walk away, officers apprehended Butler. A search of Butler and his vehicle revealed no condoms or other sexual items. Butler was indicted for and pled guilty to two counts of violation of the Computer or Electronic Pornography and Child Exploitation Prevention Act.[4]

After the similar transaction hearing, the trial court concluded that there was sufficient connection or similarity between the 2005 offenses and the crimes charged such that proof of the former tended to prove the latter. Accordingly, the court granted the state's motion

---

[4] OCGA § 16-12-100.2 (d) (1) and (e) (1). OCGA § 16-12-100.2 (d) (1) provides:

It shall be unlawful for any person intentionally or willfully to utilize a computer on-line service or Internet service, including but not limited to a local bulletin board service, Internet chat room, e-mail, on-line messaging service, or other electronic device, to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice a child or another person believed by such person to be a child to commit any illegal act described in Code Section 16-6-2, relating to the offense of sodomy or aggravated sodomy; Code Section 16-6-4, relating to the offense of child molestation or aggravated child molestation; Code Section 16-6-5, relating to the offense of enticing a child for indecent purposes; or Code Section 16-6-8, relating to the offense of public indecency or to engage in any conduct that by its nature is an unlawful sexual offense against a child.

OCGA § 16-12-100.2 (e) (1) provides:

A person commits the offense of obscene Internet contact with a child if he or she has contact with someone he or she knows to be a child or with someone he or she believes to be a child via a computer on-line service or Internet service, including but not limited to a local bulletin board service, Internet chat room, e-mail, or on-line messaging service, and the contact involves any matter containing explicit verbal descriptions or narrative accounts of sexually explicit nudity, sexual conduct, sexual excitement, or sadomasochistic abuse that is intended to arouse or satisfy the sexual desire of either the child or the person, provided that no conviction shall be had for a violation of this subsection on the unsupported testimony of a child.

to admit the evidence at trial to show motive, intent, identity, and bent of mind. The court thereafter certified the case for immediate review.

We must abide by the following principles when reviewing a trial court's order concerning the admission of similar transaction evidence:

> On the question of similarity, the trial court's findings will not be disturbed unless clearly erroneous. In reviewing whether there were sufficient similarities to create a connection between the previous crime and the instant crimes such that the former tends to prove the latter, we focus on the similarities rather than the dissimilarities. Similar transactions need not be identical to the offense being tried but must show sufficient similarity or connection between the independent incidents and the offense at issue.[5]

> [I]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.[6]

"In order to introduce evidence of a defendant's lustful disposition, the State must link those practices to the specific crime charged."[7] And this court has held that "[s]exual molestation of young children, as well as teenagers, regardless of sex or type of act, is sufficient similarity to make the evidence admissible."[8] "To show sufficient similarity, there need only be a logical connection between the independent act and the crime charged."[9] Indeed,

> because of the liberal admission of similar transaction evidence in cases involving sexual offenses, especially those against children or teenagers, a certified copy of a prior conviction for a sex crime against a child may, *with no other*

---

[5] *Susan v. State*, 254 Ga. App. 276, 282 (4) (562 SE2d 233) (2002) (citations, punctuation and footnotes omitted); see also *Payne v. State*, 285 Ga. 137 (674 SE2d 298) (2009).

[6] *Hostetler v. State*, 261 Ga. App. 237, 238 (1) (582 SE2d 197) (2003).

[7] *Herring v. State*, 288 Ga. App. 169, 173-174 (2) (b) (653 SE2d 494) (2007).

[8] *Wilson v. State*, 210 Ga. App. 705, 708 (2) (436 SE2d 732) (1993); see also *Hostetler v. State*, supra at 239 (1) (citing *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455) (1988)).

[9] *Lewis v. State*, 275 Ga. App. 41, 43 (2) (b) (619 SE2d 699) (2005) (citation omitted).

*evidence*, sufficiently prove that the prior crime is similar to the current crime.[10]

Butler relies heavily on *Payne v. State*[11] to support his argument that because the independent offenses are not similar to the crimes charged, the trial court erroneously ruled that evidence of the offenses could be admitted at trial. But *Payne* does not support his argument. In that case, the Court held that evidence of the defendant's prior rape of an adult woman was sufficiently similar to the child molestation charges to be admissible; the dissimilarity in the victims' ages did not bar admissibility of the similar transaction evidence.[12]

This Court also has affirmed the admission of similar transaction evidence where the prior incident did not allege criminal activity, but was relevant because it "tend[ed] to show . . . lustful disposition."[13] In *Sears v. State*,[14] convictions for incest, enticing a child for indecent purposes, child molestation, and rape were upheld on appeal where the defendant claimed it was error to admit similar transaction evidence of "two other witnesses relating inappropriate or questionable behavior by appellant toward them as young girls."[15] Acknowledging that the testimony of the two witnesses "did not allege criminal activity," the court held the evidence was nevertheless properly admitted and "relevant as tending to show appellant's lustful disposition."[16]

In *Hostetler v. State*,[17] we upheld convictions for three counts of child molestation, based on the defendant's having touched the breasts and vagina of the victim and having exposed his penis to the victim, where there was no touching involved in the similar transactions.[18] In the similar transactions, the defendant was seen either masturbating or exposing his penis in public.[19] We reiterated our prior holdings that "[t]here is no requirement that the prior crime or transaction be absolutely identical in every respect," and that "the

---

[10] *Washington v. State*, 286 Ga. App. 268, 270 (2) (648 SE2d 761) (2007) (citations, punctuation and footnotes omitted; emphasis supplied). See *Spradling v. State*, 310 Ga. App. 337, 339, n. 5 (715 SE2d 672) (2011).

[11] Supra.

[12] Id. at 137-139.

[13] *Sears v. State*, 182 Ga. App. 480, 483 (5) (356 SE2d 72) (1987), overruled on other grounds, *Johnston v. State*, 213 Ga. App. 579, 580 (445 SE2d 566) (1994).

[14] Supra at 483 (5).

[15] Id.

[16] Id.

[17] Supra.

[18] *Hostetler*, supra at 237-239 (1).

[19] Id. at 238-239.

sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible."[20]

Butler was convicted of violating the Computer or Electronic Pornography and Child Exploitation Prevention Act (OCGA § 16-12-100.2 (d) (1)), by using an online computer messaging service to entice another person believed to be a child to commit child molestation.[21] Butler was also convicted of violating the Act (OCGA § 16-12-100.2 (e) (1)) for having contact with someone he believed to be a child, via an online computer messaging service, which contact involved explicit descriptions of sexual conduct intended to arouse the sexual desire of the accused. Contrary to Butler's assertions that these independent offenses are not similar because they did not involve a "real" child, there is criminal liability even where there is no child, if the required mens rea exists.[22]

Conceding that the independent offenses and the crimes charged "both . . . allege crimes that are sexual in nature with minors," Butler nevertheless contends that the elements of the two offenses are not sufficiently similar such that proof of the former tends to prove the latter. But the computer pornography and child exploitation offenses and the crimes charged (child molestation, aggravated child molestation, and aggravated sexual battery) do have a logical connection to each other; the independent offenses involve a "lascivious motivation or bent of mind,"[23] to determine Butler's motivation or bent of mind to commit the crimes charged. The independent and the charged incidents both involve sexual contact with females under the age of consent. The absence of touching in the independent offenses does not bar admission of the similar transaction evidence to show Butler's lustful disposition toward female children.[24] In considering the similarities rather than the differences between the independent offenses and the crimes charged,[25] we cannot conclude the trial court erred in ruling that the independent offenses were admissible.

2. Butler also contends that the trial court erroneously admitted evidence of the independent offenses because the probative value of

---

[20] Id. at 239.

[21] OCGA § 16-6-4 (a) (1) defines child molestation: "A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

[22] *Spivey v. State*, 274 Ga. App. 834, 840-841 (3) (619 SE2d 346) (2005).

[23] *Oller*, supra at 821 (2).

[24] *Hostetler*, supra.

[25] *Susan*, supra.

the evidence is outweighed by the prejudicial effect. However, having been admitted,

> evidence which is otherwise relevant does not become inadmissible simply because it incidentally puts a defendant's character or reputation into evidence. . . . [A] trial court's finding that other transactions evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact.[26]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

### DECIDED OCTOBER 6, 2011.

*Lyle K. Porter*, for appellant.
*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.

---

[26] *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995) (citations and punctuation omitted).