### S97A1059. MOORE v. THE STATE.
(489 SE2d 842)

THOMPSON, Justice.

Kenneth Dean Moore was convicted of malice murder for shoot-

ing Frank Lee Polke.[1] He appeals, asserting he should be awarded a new trial on the ground of newly discovered evidence.

Viewed in a light to uphold the verdict, the evidence demonstrates the following: Moore and Polke crossed paths because Moore was a drug user and Polke was a drug seller. As a result of their dealings, Moore and Polke became hostile to one another.

Several days before the murder, when Moore was buying drugs from another dealer, Polke hit him with a brick. That led Moore and his nephew, James Monroe Moore, to visit Polke's mother and inquire about the whereabouts of her son. Two days later, witnesses saw Moore, his nephew, his brother Ira Jerome Moore, and a fourth individual, driving a gray station wagon in the vicinity of a nightclub where Polke often sold drugs. A witness approached the car, saw a high-powered rifle, and asked what was up. Moore said they were going to shoot somebody. The car circled the block and returned. Another witness, Richard Burnette, testified that he saw Moore in the passenger seat with a gun barrel pointed out the window; that he heard someone say "duck"; and that shots were fired.

Polke was killed by a single shot to the forehead from a high-powered rifle. When the police went to Moore's house, they found a gray station wagon which was registered in the name of Moore's father.

1. The evidence was sufficient to enable any rational trier of fact to find Moore guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Moore's alibi evidence did not demand an acquittal because the jury is the judge of credibility and it was authorized to disbelieve alibi testimony. *Roberts v. State*, 267 Ga. 669, 671 (482 SE2d 245) (1997).

2. In support of his motion for a new trial, Moore submitted the affidavits of Gregory Davis and Bernard Kinsey. Davis averred that he was in prison with Kinsey; that Kinsey had told him that Moore did not kill Polke; that one morning Kinsey woke him up and told him he should listen to a conversation between an inmate who Kinsey identified as "Ron" and some other inmates; that he heard Ron say he testified that Moore shot Polke so he could get a "break" on

---

[1] Polke was murdered on January 15, 1990. The grand jury returned an indictment charging Moore, his brother Ira Jerome Moore, and his nephew, James Monroe Moore, with the malice murder of Polke, on June 13, 1990. Moore and James Monroe Moore were tried on February 10 and 11, 1992. The trial court directed a verdict of acquittal as to James Monroe Moore; the jury rendered a verdict of guilty as to Moore, and he was sentenced to prison for life on February 11, 1992. Moore filed a motion for new trial on February 26, 1992; he amended the motion on September 3, 1996. The amended motion was heard on October 3, 1996, and denied on November 4, 1996. Moore filed a notice of appeal on November 26, 1996. The case was docketed in this Court on April 1, 1997, and submitted for decision on briefs on May 26, 1997.

charges pending against him; and that Ron said he did not actually see who shot Polke. Kinsey averred that he and Davis heard an inmate "called Ron" say that, although he testified he saw Moore shoot Polke, "he could not see anything and did not know who shot Polke." Kinsey added that Ron said he testified against Moore to gain favor with the prosecution on pending charges. Moore asserts this newly discovered evidence entitles him to a new trial because it demonstrates (1) that Richard Burnette perjured himself and (2) that the State violated *Brady*[2] and *Giglio*[3] by withholding evidence that a deal had been made between Burnette and law enforcement officers. We disagree.

The standard for granting a new trial on the basis of newly discovered evidence is well established. "It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." [Cits.] All six requirements must be complied with to secure a new trial. [Cits.]

*Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980).

Even if we were to assume that "Ron" was Richard Burnette, the newly discovered evidence does nothing more than impeach the credibility of Burnette. It is not, therefore, sufficient to support the grant of a new trial. Id.; *Herrin v. State*, 230 Ga. 476, 478 (197 SE2d 734) (1973).

With regard to Moore's assertion that the newly discovered evidence shows that the State violated his due process rights by withholding evidence that a deal had been struck with Burnette, we note that the burden was on the defendant to prove, inter alia, that the State possessed and repressed such evidence. *Zant v. Moon*, 264 Ga. 93, 100 (440 SE2d 657) (1994). However, the trial court found that Moore failed to show the existence of any deal between the State and Burnette. The trial court's finding was authorized and we therefore find no due process violation. *Jolley v. State*, 254 Ga. 624, 629 (331

---

[2] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

[3] *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972).

SE2d 516) (1985); *Owens v. State*, 251 Ga. 313, 315 (305 SE2d 102) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*D. Duston Tapley, Jr.,* for appellant.

*Richard A. Malone, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.