### A01A1485. MILLS v. THE STATE.
(553 SE2d 353)

ELDRIDGE, Judge.

A Bibb County jury found Zach Mills guilty of two counts of aggravated child molestation and one count of child molestation based upon acts Mills perpetrated against his fifteen-year-old stepdaughter, S. M., and her fifteen-year-old friend, H. B. He appeals, alleging four errors of law and challenging the sufficiency of the evidence introduced against him. Upon review of these claims of error, we affirm Mills' conviction.

We note at the outset that Mills has failed completely to comply with Court of Appeals Rule 27 (a) (1), which requires that an appellant provide this Court with "a statement of the method by which each enumeration of error was preserved for consideration." The honor of practicing in this Court should be accompanied by a sound understanding of our rules. It is not the function of this Court to cull the record on behalf of any party in order to determine which issues have been properly preserved for appeal. In an eight-volume transcript, this principle takes on added heft. However, the seriousness of the criminal charges in this case and our responsibility to address alleged errors brought before us, as well as Mills' otherwise earnest recitation of the law in relation to the alleged claims of error, persuade us to address the instant enumerations.

1. In his first enumeration of error, Mills contends the trial court erred in permitting the State to introduce similar transaction evidence showing that Mills previously participated in sexual activity involving two women, euphemistically referred to in the court below as a "threesome." He contends the fact that the prior acts evidence involved a nineteen-year-old female and his former wife, as opposed to two fifteen-year-old females, prohibited the introduction of such evidence as unconnected to the acts charged in this case. We disagree.

The prior acts evidence occurred during approximately the same time frame as the indicted offenses. The evidence was that, specifically at Mills' urging, his former wife (S. M.'s mother) convinced her very reluctant 19-year-old goddaughter — who was living with Mills and his wife at the time and who considered Mills to be a father figure — to engage with her in sexual activity which included Mills and which resulted in Mills' sexual intercourse with the 19-year-old.

The case-in-chief evidence shows that, specifically at Mills' urging, fifteen-year-old S. M. convinced her very reluctant best friend, H. B. — who was spending the night at the Mills residence, a frequent occurrence — to engage in sexual activity with her while Mills watched and which resulted in Mills' sexual intercourse with S. M. Mills was indicted for having sexual intercourse with S. M. and for "encouraging the girls to perform oral sex upon one another as he watched."

The prior acts evidence was admissible to demonstrate Mills' lustful disposition, his sexual behavior toward the teenage girls under his roof, his conduct and bent of mind toward engaging in "threesomes" with the females who stayed with him, and to corroborate the victim's testimony that such conduct occurred in the instant case. As such, the evidence was sufficiently similar to establish a logical connection between the independent act and the charged offense so that proof of one tended to prove the other.

Contrary to Mills' assertions, we are not troubled by the fact that Mills' "threesome" with his wife and her young goddaughter did not involve two fifteen-year-old teenagers, as did the "threesome" in the case-in-chief. "[S]imilar transaction evidence is not limited to a defendant's previous illegal conduct."[1] Here, regardless of the age of the teenager involved, the evidence shows that Mills urged, encouraged, and engaged in *specific* sexual conduct involving multiple young females who were staying under his roof and who were under his authority so as to corroborate and establish a factual nexus between the independent act and the specific acts about which S. M. and H. B. testified.[2] "Similar transactions need not be identical to be admitted, and in cases involving sexual offenses, that rule is to be liberally construed. Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible."[3] We find no such abuse here.

Under this same enumeration of error, Mills contends he was

---

[1] *Phagan v. State*, 268 Ga. 272, 279 (4) (486 SE2d 876) (1997).

[2] See *Caldwell v. State*, 263 Ga. 560, 564 (13) (436 SE2d 488) (1993).

[3] (Footnotes omitted.) *Roberts v. State*, 242 Ga. App. 621, 626 (2) (b) (530 SE2d 535) (2000).

"hamstrung" in defending against the prior acts evidence because the trial court would not permit him to cross-examine his former wife about allegedly engaging in "threesomes" with her current husband. However, "[Mills] waived this issue on appeal by failing to object to the trial court's ruling."[4]

2. Next, Mills contends he was denied a thorough and sifting cross-examination of victim S. M. when the trial court would not permit him to go into the details of S. M.'s sexual activity in order to "show that she had a reason to charge Appellant with child molestation, namely that he was trying to expose her lesbian tendencies."

Under this enumeration, Mills fails to identify any aspects of S. M.'s sexual activities which were improperly excluded by the trial court. From culling Mills' brief in relation to the record and in relation to the trial court's order on Mills' pretrial motions, we can only assume Mills' contention refers to the trial court's refusal to permit two potential defense witnesses, H. F. and S. D., to testify that S. M. allegedly falsely accused them of wanting to engage in a lesbian relationship with her. However, we find no error.

> Evidence of prior false accusations of sexual misconduct made by the prosecutrix is admissible to attack the credibility of the prosecutrix and as substantive evidence tending to prove that the instant offense did not occur. However, before evidence of a prior false accusation can be admitted, the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists. Defendants have the burden of coming forward with evidence at the hearing to establish a reasonable probability that the victim had made a prior false accusation of sexual misconduct. Finally, a trial court's ruling upon the admissibility of such evidence will not be overturned absent an abuse of discretion.[5]

During a pretrial hearing, the trial court heard from both of these "false allegation" witnesses, as well as from S. M. regarding her relationship with each. The trial court determined that the testimony of H. F. and S. D. was not credible: "Defendant has failed to meet the threshold standard of a reasonable probability of falsity concerning these alleged false allegations and therefore [the court] excludes evidence of the same." This credibility determination was based upon the court's perceptions of the victim's demeanor and testimony in

---

[4] (Citation omitted.) *McIntosh v. State*, 247 Ga. App. 640, 643 (2) (545 SE2d 61) (2001).

[5] (Citations and punctuation omitted.) *Kelley v. State*, 233 Ga. App. 244, 251 (5) (503 SE2d 881) (1998); see *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158) (1989).

relation to that of H. F. and S. D. Such credibility determination was additionally supported by evidence that H. F. wrote a letter expressing her desire to pursue a lesbian relationship with the victim and by S. D.'s refusal to listen to the attorneys' questions before vehemently denying any relationship:

> [Attorney:] At any time were you involved in a relationship with —.
> [S. D.] No. . . .
> [Attorney:] You have no interest in females in a sexual —.
> [S. D.] None whatsoever.
> [Attorney:] — relationship; is that right?

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the [evidence] will be upheld on appeal."[6] We find no clear error here.

Moreover, detailed evidence regarding S. M.'s lesbian relationships went before the jury, and two of S. M.'s alleged partners were permitted to testify that no such relationship existed, claiming that S. M. fabricated such. Mills put forward the defense that his exposé of S. M.'s lesbian activities triggered her allegedly false charges against him. The jury did not believe it. Mills fails to explain how the addition of the evidence about which he complains would have altered this outcome, especially since the trial court, sitting as finder of fact, found such evidence to be singularly unconvincing. It is clear that Mills must demonstrate harm as well as error in order to obtain a reversal.[7]

3. Mills contends the trial court erred in failing to allow his expert in forensic psychology, Dr. James Stark, to testify. However, in again culling through the record, we discovered that Mills' defense counsel specifically stated: "if they [the State] don't call their expert, I have to agree if they don't call Tillitski, I can't have Dr. Stark testify." The State did not call its expert, Dr. Tillitski, and thus defense counsel's concession leaves nothing for this Court to review.

Further, Dr. Stark's testimony was proffered by defense counsel as admissible "for the purpose of showing the alleged victim's psychosocial tendency of her lying, the desires of revenge, all the things that he [Stark] talked about in explaining her behavior." Before this Court, Mills argues that Stark's testimony should have been admitted in order to show that the victim "would be prone to using sex as a tool to exercise power over adults, even to the point of making false allegations of child molestation." But we have found

---

[6] *Granados v. State*, 244 Ga. App. 153, 155 (4) (534 SE2d 886) (2000).
[7] *Davis v. State*, 266 Ga. 801, 804 (9) (471 SE2d 191) (1996).

that "[a]lthough a medical expert may testify that certain symptoms or history described by a child are consistent [or inconsistent] with molestation, an expert cannot directly or indirectly vouch for the victim's credibility."[8] Accordingly, we find no error in the trial court's ruling.

4. A recitation of the explicit facts of this case is unnecessary for resolution of any legal issue raised herein. As to Mills' challenge to the sufficiency of the evidence, we reject it and find from our review of the record that the testimony of S. M. and of H. B. is sufficient to factually demonstrate the elements of the sexual offenses for which Mills was convicted. Mills argues only that the State's witnesses were "highly suspect and contradictory," which argument goes solely to credibility when "[t]he testimony of a single witness is generally sufficient to establish a fact[, and t]he credibility of a witness is a matter to be determined by the jury under proper instructions from the court."[9]

5. Mills contends the trial court erred in denying his motion for new trial based upon newly discovered evidence. He claims a new trial is required by the discovery of a male witness who could testify that he had a single incident of sexual intercourse with S. M. when she was 15 and he was 17.

> As set forth in *Timberlake* [*v. State*, 246 Ga. 488 (1) (271 SE2d 792) (1980)], on motion for a new trial based on newly discovered evidence, it is incumbent that the movant satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. Failure to show one requirement is sufficient to deny a motion for new trial.[10]

Here, Mills' claim based upon newly discovered evidence must fail since: (1) no affidavit was submitted to establish the alleged newly discovered facts, nor was its absence accounted for; and (2) the evidence as proffered went only to the impeachment of victim S. M.'s tes-

---

[8] (Footnotes omitted.) *Gosnell v. State*, 247 Ga. App. 508, 510 (2) (b) (544 SE2d 477) (2001).

[9] (Punctuation and footnotes omitted.) *Jaber v. State,* 243 Ga. App. 562, 563 (533 SE2d 767) (2000).

[10] *Carter v. State*, 273 Ga. 428, 429 (2) (541 SE2d 366) (2001).

timony that she had not had sexual intercourse with a male other than Mills and did not go to the issue of whether Mills was guilty of the offenses as charged in the indictment. Thus, such evidence provided no basis for new trial, and there was no error in the trial court so holding.[11]

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED AUGUST 1, 2001 —

*Debra G. Gomez, A. James Rockefeller*, for appellant.

*Howard Z. Simms, District Attorney, Barbara A. Becraft, Nancy S. Malcor, Myra H. Kline, Assistant District Attorneys*, for appellee.

---

[11] *Moore v. State*, 268 Ga. 420, 421-422 (2) (489 SE2d 842) (1997).
[1] See OCGA § 16-13-31 (a) (1).