## S11A0140. AVILA v. THE STATE.
(711 SE2d 706)

NAHMIAS, Justice.

Alexis Avila appeals from his convictions for malice murder and possession of a firearm during the commission of a crime.[1] Avila contends that the evidence was insufficient and that the trial court erred in admitting similar transaction evidence. Finding no merit to these contentions, we affirm.

1. Construed in the light most favorable to the verdict, the evidence at trial showed the following. Avila had been angry at the victim, Antwan Cole, for several weeks before the murder because he heard that Cole committed a break-in that had occurred at Avila's father's home. When Cole called Tiffany Marler, Avila's then-girlfriend and Cole's former girlfriend, at about 1:30 a.m. on February 7, 2008, Avila became more angry. He took the phone from Marler and asked Cole to meet to discuss the break-in. Avila told Cole not to bring a gun to the meeting, although Avila brought a concealed weapon, a revolver belonging to his roommate that Avila had taken without permission. The meeting occurred in the carport

---

[1] The crimes occurred on February 7, 2008, and Avila was indicted by a Cobb County grand jury on May 8, 2008, for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. On August 18, 2009, a jury found Avila guilty on all counts. That same day, the trial court sentenced Avila to life in prison on the malice murder conviction and to five consecutive years in prison on the firearm offense. The felony murder conviction was vacated by operation of law, and the trial court merged the aggravated assault conviction with the malice murder conviction. Avila filed a motion for new trial on August 18, 2009, which the trial court denied on March 5, 2010. Avila filed a timely notice of appeal. The appeal was docketed for the January 2011 term of this Court and was submitted for decision on the briefs.

of Avila's father's home, with Cole and Avila sitting in Cole's pick-up truck and Marler parked farther down the driveway in her car.

Avila and Cole's discussion about the break-in became heated, and Avila became more angry when Cole made a lewd comment about Marler. While in the truck, Avila fired at least two gunshots that struck Cole, after which Cole cut Avila's fingers. The altercation spilled out onto the driveway, where Cole beat and stabbed Avila before Avila shot Cole again. The fight ended with Cole struggling back toward his truck and Avila stumbling to Marler's car. Avila asked Marler to drive him from the crime scene, but Marler instead called 911. Avila then threw his gun in a wooded area across the street.

When police officers arrived, Avila was by Marler's car, covered in blood. Cole was lying alive but unresponsive on the ground outside the open driver's door of his truck. Marler initially told the officers that Avila had been shot by Cole, and Avila said he did not have a gun. The officers discovered, however, that Cole had been shot, while Avila had been stabbed. In fact, Cole had been shot four times, with the shots to his chest and stomach each causing fatal wounds. When questioned outside Avila's presence, Marler admitted that Avila had a revolver. He later admitted to having a gun and directed the police to where they could find it.

Avila and Marler later gave statements to the police, as well as testimony at a pre-trial hearing, that conflicted with each other, with the physical evidence, with testimony from Avila's roommate, and with their trial testimony. Indeed, Avila's story evolved from saying that he did not have a gun and that Cole first shot at him, to claiming that he shot Cole only outside the truck after Cole had attacked and stabbed him, to pre-trial hearing testimony admitting that he fired the first shot in the truck before Cole injured him, to trial testimony asserting yet a different sequence of fighting and shots.

Over Avila's objection, the trial court permitted the State to introduce, as a similar transaction, evidence of an incident that occurred about a month before Cole's murder in which Avila shot Marler in the foot. Marler testified that she and Avila were arguing while sitting in her car in Cobb County and that she was not trying to hit Avila and he was not pointing the gun at her, but somehow it fired, striking her in the foot. Avila shot Marler with the murder weapon — his roommate's gun — which the roommate testified he did not allow Avila to borrow on that occasion either. Avila and Marler lied to the police and friends about the incident, claiming that they were carjacked in Fulton County and that one of the perpetrators shot Marler. They also hid the gun from the police.

While Avila offered a significantly different account of the events than the State, " '[i]t was for the jury to determine the credibility of

the witnesses and to resolve any conflicts or inconsistencies in the evidence.' " *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009) (citation omitted). The jury was properly charged on Avila's justification defense and the " 'question of justification' " is for the jury. *McNeil v. State*, 284 Ga. 586, 588 (669 SE2d 111) (2008) (citation omitted). Moreover, a person is not justified in using force in self-defense if he "[i]s attempting to commit, committing, or fleeing after the commission or attempted commission of a felony," OCGA § 16-3-21 (b) (2), and the jury rationally could have decided that this restriction applied here. In short, when viewed in the light most favorable to the verdict, the evidence presented at trial was sufficient to authorize a rational jury to reject Avila's claim of self-defense and to find him guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

2. Avila contends that the trial court erred by permitting the State to introduce the similar transaction evidence. We disagree.

> Evidence that a defendant has committed an independent offense or bad act is admissible if the State shows and the trial court rules that there is a " 'sufficient connection or similarity between the independent offenses or acts and the crime charged so proof of the former tends to prove the latter.' " . . . " 'When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question.' " We will uphold the trial court's decision to admit a similar transaction unless it is an abuse of discretion.

*Whitehead v. State*, 287 Ga. 242, 249 (695 SE2d 255) (2010) (citation and punctuation omitted).

The evidence showed that, just a month before Avila shot Cole while arguing with him, Avila shot Marler while arguing with her. Both shootings occurred in a vehicle and involved the same gun, which Avila took from his roommate without permission and hid from the police after each shooting. And on both occasions Avila gave false statements to the police. The trial court also gave a proper limiting instruction regarding the jury's use of the evidence. Under these circumstances, the admission of the similar transaction was clearly not an abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 20, 2011.

*Nicholas G. Dumich*, for appellant.

*Patrick H. Head, District Attorney, Marc D. Cella, John R. Edwards, Amelia G. Pray, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.