## A11A1831. BIBB v. THE STATE.

(726 SE2d 534)

BLACKWELL, Judge.

Lewis Shane Bibb was tried by an Oconee County jury and convicted of four counts of aggravated child molestation[1] and two counts of child molestation.[2] Bibb now appeals, contending that the evidence is insufficient to sustain his convictions, that the court below erred when it admitted evidence of similar transactions, and that he was deprived at trial of the effective assistance of counsel. We find no merit in these claims of error and affirm.

1. We first consider whether the evidence is sufficient to sustain the convictions. To this end, we ask whether any rational jury could have found proof beyond a reasonable doubt of guilt in the evidence adduced at trial, viewing that evidence in the light most favorable to the verdict. *Howard v. State*, 310 Ga. App. 659, 659 (1) (714 SE2d 255) (2011). And as we consider this question, we must keep in mind that it is for the jury, not appellate judges, to assess the credibility of witnesses, weigh and draw reasonable inferences from the evidence, and resolve conflicts in the evidence. See *Ferguson v. State*, 307 Ga. App. 232, 233 (1) (704 SE2d 470) (2010). So, if the record contains some competent evidence to prove beyond a reasonable doubt each element of the crimes of which the defendant was convicted, we must uphold the convictions, even if the evidence is controverted. Id.

Bibb was convicted of four counts of aggravated child molestation, each involving Bibb performing oral sex on his preteen, female victim, but the evidence, he says, is sufficient to sustain only two of these convictions.[3] The victim testified at trial, and she explained that Bibb molested her repeatedly over a long period of time, including when she lived in Oconee County for several months. In her testimony, she recounted numerous occasions on which Bibb performed oral sex on her, but she was not always explicit about the county in which each occurred, and Bibb argues that this testimony, therefore, supports no more than two convictions for aggravated child molestation in Oconee County. But the victim also testified that Bibb had a routine, which involved him first kissing her on her lips, then kissing her neck, breasts, stomach, and legs, and finally performing oral sex on her, and she testified that Bibb did "bad things" two or three times a month during the time she lived in Oconee County. A

---

[1] OCGA § 16-6-4 (c).

[2] OCGA § 16-6-4 (a) (1).

[3] Bibb appears to concede that the evidence is sufficient to sustain two of his convictions for aggravated child molestation, as well as his convictions for child molestation.

jury reasonably could infer that these "bad things" involved his routine and, therefore, Bibb performing oral sex on the victim. Consequently, given the evidence of a routine and the frequency with which Bibb did "bad things" to the victim, the evidence is sufficient to sustain all four convictions for aggravated child molestation.[4]

2. We next consider the admission of similar transaction evidence. At trial, the court below admitted evidence that Bibb inappropriately touched a young child, that Bibb had relationships with two teenaged girls, and that Bibb maintained a collection of photographs depicting preteen and teenaged girls. When the State seeks to admit evidence of the prior acts of the defendant as a similar transaction, it first must identify a proper purpose for the admission of such evidence, establish that the defendant, in fact, committed the prior acts, and show enough of a similarity or connection between the prior acts and the crimes charged that proof of the former tends to prove the latter. See *Pareja v. State*, 286 Ga. 117, 119 (686 SE2d 232) (2009); see also *Kelley v. State*, 308 Ga. App. 418, 421 (2) (707 SE2d 619) (2011). Upon such a showing, a trial court may admit evidence of a similar transaction, unless the probative value of the evidence is substantially outweighed by a risk that it would unfairly prejudice the defendant. *Kelley*, 308 Ga. App. at 421 (2). When we consider the admission of similar transaction evidence, we focus on the similarities, not the differences, between the prior acts and the crimes charged, and we must bear in mind that the standard for the admission of similar transaction evidence is most liberally construed in cases involving sexual offenses. *Gresham v. State*, 303 Ga. App. 682, 685-686 (2) (695 SE2d 73) (2010). Whether to admit evidence as a similar transaction is committed to the discretion of the trial court, and absent an abuse of that discretion, we will uphold the decision of a trial court to admit such evidence. See *Avila v. State*, 289 Ga. 409, 411 (2) (711 SE2d 706) (2011). We see no abuse of discretion here.

(a) One similar transaction involved Bibb touching the breasts and genitals of the younger sister of the victim. Bibb argues that the

---

[4] In the section of his brief that is addressed to the sufficiency of the evidence, Bibb also argues that his indictment was defective because it insufficiently identified, and insufficiently differentiated among, the various occasions that formed the basis for the aggravated child molestation counts. Some of us doubt that this issue is properly raised by the enumerations of error and that we ought to even address the merits of these arguments. See *Coweta County v. Simmons*, 269 Ga. 694, 694-695 (507 SE2d 440) (1998) (Court of Appeals "has jurisdiction to decide only those issues fairly raised by an enumeration of error"). We all agree, however, that even if Bibb has properly raised the issue, his arguments have no merit because Bibb failed to file a general or special demurrer or timely motion in arrest of judgment, and the failure to file such things waives any claim that could have been raised in a general or special demurrer. See *Kirt v. State*, 309 Ga. App. 227, 232-233 (3) (709 SE2d 840) (2011); see also OCGA §§ 17-7-110, 17-9-61 (b).

State failed to show that his touching of the sister was sexual, especially because it occurred while he was giving the sister a bath and might have been incidental to the bath. But the sister testified that Bibb touched her in a way that made her uncomfortable, and we have held before that a sexual intent can be inferred from such acts. See, e.g., *Northern v. State*, 285 Ga. App. 303, 306 (1) (b) (645 SE2d 701) (2007) ("[T]he testimony of the child molestation victim alone was sufficient to authorize the jury . . . to infer that he acted with the intent to arouse or satisfy his and her sexual desires.") (citation and punctuation omitted); *Malone v. State*, 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006) (same); *Duvall v. State*, 273 Ga. App. 143, 143 (1) (a) (614 SE2d 234) (2005) ("Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this."); *Cline v. State*, 224 Ga. App. 235, 236 (1) (480 SE2d 269) (1997) (sexual intent may be inferred from actions). The admission of this evidence was no abuse of discretion.

(b) Other similar transaction evidence concerned the relationships between Bibb and two teenaged girls. One girl was 16 years of age when she met Bibb,[5] and she testified that Bibb brought her letters, in which he said that he was "in love" with her, that Bibb kissed her on several occasions, and that Bibb tried to get her to spend the night with him. Bibb argues that the evidence of his relationship with this girl was inadmissible because their relationship did not involve sex and because she was, in any event, of the age of consent. We do not agree. As we have explained before, in cases like this one, even when the prior acts of the defendant do not amount to crimes, evidence of those acts may be admissible if it tends to show that the defendant had a lustful disposition with respect to preteen or teenaged girls. See, e.g., *Butler v. State*, 311 Ga. App. 873, 877 (1) (717 SE2d 649) (2011); *Birkbeck v. State*, 292 Ga. App. 424, 436 (9) (665 SE2d 354) (2008); *Leaptrot v. State*, 272 Ga. App. 587, 597 (3) (a) (612 SE2d 887) (2005); *Mills v. State*, 251 Ga. App. 39, 40 (1) (553 SE2d 353) (2001). Here, the relationship between Bibb and this 16-year-old tends to show that Bibb had such a lustful disposition, and evidence of the relationship was, therefore, admissible.

The second girl was 15 years of age when she met Bibb and married Bibb after her eighteenth birthday. She testified that, before they married, she and Bibb would have sex "every single time [she] was at his house," but upon her twentieth birthday, Bibb told her that he no longer was interested in sex because she now was "too old for him." She also corroborated the testimony of the victim about a

---

[5] Bibb was 31 or 32 years old at that time.

"routine," explaining that, when she was with Bibb, he would begin by kissing her, work his way down her body, and then perform oral sex on her.[6] Bibb again argues that this evidence ought not have been admitted because his relationship with the second girl was consensual and not criminal. And again, we disagree, inasmuch as it properly was admissible to show his lustful disposition toward young girls. See, e.g., *Butler*, 311 Ga. App. at 877 (1); *Birkbeck*, 292 Ga. App. at 436 (9); *Leaptrot*, 272 Ga. App. at 597 (3) (a); *Mills*, 251 Ga. App. at 40 (1). The admission of similar transaction evidence concerning these two girls was no abuse of discretion.

(c) In addition, the court below admitted evidence that Bibb maintained a collection of photographs of preteen and teenaged girls, some of which were labeled with sexual innuendos or comments referring to his preference for preteen or teenaged girls.[7] Bibb argues that his keeping these photographs was no crime and, in any event, that it is not sufficiently similar to his molestation of the victim to be admitted. But this evidence, like the other similar transaction evidence, shows a lustful disposition toward preteen and teenaged girls, and for that reason, it was properly admissible. See *Johnson v. State*, 222 Ga. App. 722, 724 (2) (475 SE2d 918) (1996) (photographs illustrated lustful disposition and propensity for sexual activity involving children). The admission of the photographs and the testimony about them also was no abuse of discretion.[8]

3. Finally, we turn to the question of the effective assistance of counsel. Bibb contends that his trial lawyer was ineffective and that, at the hearing on his motion for new trial, his original appellate

---

[6] In addition, this girl testified that Bibb told her about the victim, admitting that he had a relationship with the victim that included oral sex and that he "frequently" was "intimate" with the victim. This testimony, of course, goes directly to the crimes charged and was admissible without regard to whether the similar transaction evidence concerning this girl was admissible.

[7] One photograph depicted a 14-year-old girl lying on a bed, and on the photograph, Bibb had written: "Hey . . . I'm gonna do that thing you like." Another depicted a 14-year-old girl and was labeled "Coleman Bate [sic]," apparently a play on the term "jail bait" and a reference to Judge Coleman, who previously had chastised Bibb for entering into a relationship with a 16-year-old girl. Yet another photograph depicted several teenaged girls pretending to spank Bibb, on which was written "The Coleman girls."

[8] Bibb also contends that he did not have enough time to fully investigate these photographs and develop a strategy for dealing with them, inasmuch as they were identified as evidence only just before trial. But the record shows that the prosecuting attorney did not know of these photographs until Bibb's wife brought them to the trial, so there was no violation of OCGA § 17-16-1 et seq. See *Taylor v. State*, 269 Ga. App. 74, 76 (2) (603 SE2d 504) (2004). And even if there were such a violation, Bibb failed to ask for a continuance to deal with the photographs, which precludes him from arguing on appeal that he was prejudiced by the late production of these photographs. See *Gabriel v. State*, 280 Ga. 237, 239 (3) (626 SE2d 491) (2006).

lawyer "negligently waived" his claim of ineffective assistance of trial counsel. We are unconvinced that either amounts to ineffective assistance. The record shows, quite clearly, that after his original appellate lawyer withdrew his claim of ineffective assistance of trial counsel, Bibb acquiesced in the withdrawal of that claim:

> [ORIGINAL APPELLATE COUNSEL]: . . . And I would say, Your Honor, for purposes of the record that after conferring with . . . Bibb's trial counsel, reviewing the record and talking to Mr. Bibb, we would withdraw the claim of ineffective assistance on the part of trial counsel and proceed today on the general grounds.
> THE COURT: Okay, All right, Mr. Bibb, do you understand what [your appellate counsel] has just said?
> [BIBB]: Yes, sir.
> THE COURT: You understand that this is — you have the opportunity, if you wish, to raise the issue of ineffectiveness of your attorney who represented you at trial. Do you understand that?
> [BIBB]: Yes, sir.
> THE COURT: And you understand that today would be a day to develop that record and hear evidence, if appropriate, so that the Court could consider and rule on that?
> [BIBB]: Yes, sir. . . .
> THE COURT: Your counsel said that you wish to withdraw that ground; is that correct?
> [BIBB]: Yes, sir.
> THE COURT: Has anybody forced you or threatened you to get you to do that?
> [BIBB]: No, sir.
> THE COURT: [You're] doing this of your own free will?
> [BIBB]: Yes, sir.
> THE COURT: And you've had enough time to talk to [your appellate counsel] about it?
> [BIBB]: Yes, sir.
> THE COURT: I'm satisfied then that you've made that choice and you understand that this may preclude you at some later time from raising the issue of ineffective assistance —
> [BIBB]: Yes, sir.
> THE COURT: — assistance of counsel?
> [BIBB]: Yes, sir.

Bibb does not contend that his original appellate lawyer failed to adequately consult with him or advise him about the withdrawal of his ineffective assistance claim. Accordingly, having acquiesced in that withdrawal, Bibb has waived any claim that his trial lawyer was ineffective. See *London v. State*, 260 Ga. App. 780, 783 (3) (580 SE2d 686) (2003).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED MARCH 21, 2012.

*W. McCall Calhoun, Jr.*, for appellant.
*Kenneth W. Mauldin, District Attorney, Jon R. Forwood, Brian V. Patterson, Assistant District Attorneys*, for appellee.