**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 30, 2012**

# In the Court of Appeals of Georgia

A12A1308. MILLS v. THE STATE.                    AD-50C

ADAMS, Judge.

Robert Newell Mills appeals the denial of his motion for new trial after a jury convicted him of two counts of aggravated child molestation, nine counts of child molestation and three counts of enticing a child for indecent purposes.[1] On appeal, Mills contends 1) that the trial court erred in allowing the State to introduce similar transaction evidence and 2) that his motion for new trial counsel rendered ineffective assistance by failing to argue or present an evidentiary basis at the motion hearing for his claims of ineffective assistance of trial counsel. He asks, therefore, that the case be remanded to allow for an evidentiary hearing on these claims. We find that the trial

---

[1] The jury acquitted Mills of two counts of aggravated child molestation and one count each of child molestation and enticing a child for indecent purposes.

court properly admitted the similar transaction evidence, and we deny his request for a remand because the claims of ineffective assistance of counsel asserted on appeal are procedurally barred.

Viewed in the light most favorable to the verdict,[2] the evidence at trial showed that on various occasions during the summer of 2007, Mills hosted a number of children of both sexes in a camper behind his house, where he would join them in playing "Truth or Dare." During one of these games, a girl mooned the others on a dare, and during another game, a girl put on a dress with no underpants on a dare from Mills. During yet another game, although not as part of a dare, Mills put on one of his stepdaughter's dresses, wearing only a green thong under it, and then exposed his penis with some of the girls present. On another occasion, Mills wore a dress with nothing underneath and then jumped on the trampoline. Mills also exposed his penis to the children on other occasions and made some of them touch it. In addition, Mills kissed one of the boys and caused two of the children, a boy and a girl, to perform sexual acts upon one another. During that summer, Mills also showed the children pornographic magazines and movies, provided them with alcohol and cigarettes, showed them condoms, and swam with them in hotel swimming pools when he was

---

[2]*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

unclothed or when the children were unclothed or partially unclothed after Mills removed or loosened articles of their clothing.

Mills took the stand in his defense and denied that he had engaged in any inappropriate sexual conduct with the children.

1. Mills does not contend that the evidence at trial was insufficient to support his convictions; rather, he argues that the trial court erred in admitting similar transaction evidence involving allegations of inappropriate conduct between Mills and children in both Oregon and Tennessee. The trial court admitted this evidence for the limited purpose of showing Mills's lustful disposition "in the crime charged," as the court explained in limiting instructions prior to the introduction of the evidence and again during the final jury charge.

It is well settled that the decision whether to admit similar transaction evidence is committed to the trial court's sound discretion, and we will uphold the decision of a trial court to admit such evidence absent an abuse of that discretion. See *Avila v. State,* 289 Ga. 409, 411 (2) (711 SE2d 706) (2011). Before the State may introduce evidence of a defendant's prior acts as a similar tranaction:

> it first must identify a proper purpose for the admission of such evidence, establish that the defendant, in fact, committed the prior acts,

3

and show enough of a similarity or connection between the prior acts and the crimes charged that proof of the former tends to prove the latter.

(Citations omitted.) *Bibb v. State*, 315 Ga. App. 49, 50 (2) (726 SE2d 534) (2012). Under the current Georgia evidentiary code, "[i]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony." (Punctuation and footnote omitted.) *Butler v. State*, 311 Ga. App. 873, 876 (1) (717 SE2d 649) (2011). In fact, "[t]he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." (Footnote omitted.) Id. But even in such instances, the State maintains the burden of establishing the admissibility of this evidence:

> In order to introduce evidence of a defendant's lustful disposition, the State must link those practices to the specific crime charged. And this court has held that sexual molestation of young children, as well as teenagers, regardless of sex or type of act, is sufficient similarity to make the evidence admissible. To show sufficient similarity, there need only be a logical connection between the independent act and the crime charged.

(Footnotes omitted.) Id.

Here, the State's similar transaction evidence concerned incidents resulting in three sets of criminal charges against Mills, as follows:

a. In 1992, Mills, who was nineteen at the time, was playing with his neighbors, a five-year-old girl and her three-year-old brother in the garage of their home in Medford, Oregon. The children, now adults, testified that Mills exposed his penis through a hole in his sweat pants when he performed the splits for them. The girl became uncomfortable and went inside the house, but the boy stayed and Mills again showed his erect penis. The boy testified that he then pulled down his own pants, and Mills and he touched each other's penises with their hands. The children reported the incident to their mother, who reported it to police. The family moved shortly after this incident, and the charges against Mills were dismissed. The children's mother also testified as to these incidents at trial.

b. A former case manager with the Department of Children's Services in Rhea County, Tennessee, and a police officer from the Rhea County Sheriff's Department testified that they had received reports in July, 2001, involving Mills and a number of young girls who lived in the trailer park owned by his family. K. W., who was nine at the time, and S. S., who was ten, told the case worker that Mills had pulled down K. W.'s bathing suit top while they swam together and exposed himself to both girls

5

by removing his bathing suit and asking them to look at his penis. K. W. also reported that Mills had rubbed his penis on her leg and shown her pornographic movies, while S. S. reported that when K. W. and she played Monopoly with Mills, he would touch her breasts and private parts, and on one occasion he engaged in sexual intercourse with her after telling her that it would be more comfortable to play Monopoly while lying on her back. The police later searched Mills's trailer and discovered a number of girls' underpants, including one pair belonging to S. S. Two other girls from the trailer park also reported to the case worker that Mills exposed himself to them while they swam together and that he invited them back to his house to play Monopoly with him. Although Mills was arrested in connection with these incidents, he moved away from the trailer park shortly afterwards and was never prosecuted.

K. W., now an adult, testified at trial that Mills was her neighbor and her parents' landlord at the trailer park where they lived. While swimming with a group of young girls, Mills took off his pants and made her touch his penis. She said that it happened more than once, but she had "blocked out" the specifics of the other incidents. S. S. testified that she had lived in the same trailer park with K. W. and Mills. She said that Mills showed them pornographic movies and would touch their

breasts and private parts while they played Monopoly. He also put his private part on her private part.

c. In a separate incident in Rhea County in 2003, N. J., a five-year-old boy was playing in an abandoned school bus at a trailer park, when Mills, a neighbor, entered the bus. N. J., who was 12 at the time of trial, testified that Mills removed his own clothes and told the boy to remove his clothing. Mills then placed a roll of toilet paper on his own penis. N. J.'s uncle and a neighbor both testified that they heard voices coming from the school bus at the time. The uncle entered the bus and discovered Mills rolling around with N. J. on the floor. Both were clothed. When the uncle asked N. J. what had happened, the boy told him that Mills had placed his penis in the boy's mouth, and he later told the police the same thing. He also told them that Mills had "peed" on his back, and used a Kleenex to clean him up. The police found a roll of toilet paper on the bus. Although charges were filed against Mills, N. J.'s father removed him from the state and would not allow him to testify.[3]

---

[3] The State also introduced similar transaction evidence regarding an unindicted incident from 2007. A 13-year-old boy testified that in the summer of 2007, when he was 11, he was playing ball in a public pool with Mills and some other boys. The boy caught the ball and put it inside his pants, on the side. Mills swam over to the boy and put his hands down the front of the boy's pants, touching his private parts. Mills apparently does not contest the introduction of this evidence.

Witnesses at trial identified Mills as the individual involved in each of these incidents. And a logical connection exists between each incident and the crimes in this case. In every case, Mills first joined children at play, then engaged in sexually inappropriate conduct with them, involving exposing his penis and/or inappropriate touching. The fact that the charges arising from the other incidents were never prosecuted does not affect the admissibility of the evidence. "[I]t is well settled that there need not be a criminal charge or conviction relating to a similar offense for it to be admissible." (Citations omitted.) *Whitman v. State*, __ Ga. App. __ (729 SE2d 409) (2012). In fact, "[e]ven when the prior acts of the defendant do not amount to crimes, evidence of those acts may be admissible if it tends to show that the defendant had a lustful disposition with respect to preteen or teenaged [children]." *Bibb v. State*, 315 Ga. App. at 51 (2) (b). Because the evidence of Mills's prior actions showed his lustful disposition for engaging in sexually inappropriate behavior with young people of both sexes, the trial court did not abuse its discretion in admitting the similar transaction evidence in this case. See *Jackson v. State*, 309 Ga. App. 450, 452 (1) (710 SE2d 649) (2011); *Cook v. State*, 276 Ga. App. 803, 809–810 (6) (625 SE2d 83) (2005). "Furthermore, the trial court acted within its discretion in concluding that the similar transaction evidence was not unfairly prejudicial, in light of the trial court's

8

limiting instruction to the jury, and because the prior transactions in this case corroborated the victim[s'] testimony and rebutted [Mills's] defense" that he did not engage in any sexual acts with the child victims in this case. (Citations and punctuation omitted.) *Kelley v. State*, 308 Ga. App. 418, 422 (707 SE2d 619) (2011).

2. Mills also asserts that he received ineffective assistance from his motion for new trial counsel, and he requests that we remand the matter to the trial court for an evidentiary hearing on his claims.

Mills was represented at trial by Attorney William D. Healan, III. Attorneys from the law firm of Kimmey & Associates, P. C. filed a motion for new trial on Mills's behalf, and an "Amendment to Motion for New Trial," asserting a claim for ineffective assistance of trial counsel, with 13 pages detailing trial counsel's claimed deficiencies. The amendment divided these deficiencies into three sections: (a) breach of the duty to investigate; (b) breach of the duty to consult; and (c) breach of the duty to advocate. Section (c), alone, contained fifty-one sub-parts, each asserting a separate breach of the duty to advocate.

Attorney McNeill Stokes was subsequently substituted as counsel on Mills's behalf, and he filed a "Second Amendment to Motion for New Trial," which asserted,

inter alia, yet another claim of ineffective assistance of trial counsel. Stokes also filed a third amendment to the motion for new trial raising an evidentiary issue.

At the motion hearing, however, Stokes presented no evidence regarding the claims of ineffective assistance of counsel, asserting instead that he "would stand on the record." He said the only reason he was submitting a claim of ineffective assistance of counsel was "for cause and excuse under – in case there was some waiver situation." After making this vague assertion and after the State asked to call Attorney Healan as a witness to address the claims of ineffectiveness, Stokes announced that he was abandoning any claims of ineffective assistance of counsel asserting that Healan failed to investigate or that Healan breached his duty to consult with Mills on important decisions or developments. Stokes did not specifically address the other numerous claims of ineffective assistance, although the State called Mills's trial counsel as a witness and questioned him regarding his professional experience and his strategy regarding the inconsistent statements of the child victims.

In its order denying Mills's motion for new trial, as amended, the trial court found that Mills had abandoned

> the arguments set forth in his First Amendment to the Motion for New
> Trial under Paragraph 8, subparagraphs (a) and (b) alleging that trial

10

counsel was ineffective in that he breached his duty to investigate Defendant's case, and that trial counsel was ineffective in that he breached his duty to consult on important decisions or developments.

The trial court denied the motion on all other grounds.

Mills's current appellate counsel was not appointed until after the trial court denied the motion for new trial and after the notice of appeal was filed. And on appeal, Mills asserts that he received ineffective assistance of counsel at the hearing on his motion for new trial. Because appellate counsel was not appointed until after the notice of appeal was filed, Mills asserts that this appeal represents his first opportunity to raise the issue of his motion counsel's ineffectiveness. Although we agree with Mills that this appeal is his first opportunity to address any claim of ineffective assistance of his motion for new trial counsel, we find that he has failed to raise any claim on appeal that is not procedurally barred. Thus, no basis exists for a remand.

"To preserve the issue of ineffective assistance of previous counsel, new counsel must raise the issue at the earliest practicable opportunity of post-conviction review or the issue is waived." *Ruiz v. State*, 286 Ga. 146, 148 (2) (b) (686 SE2d 253) (2009). And Mills's first two sets of post-conviction counsel raised the issue of trial

counsel's effectiveness at the earliest practical opportunity, asserting a claim of ineffective assistance of counsel in amended motions for new trial on over 51 separate grounds. But "[w]here the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims of ineffective assistance by trial counsel not raised at that time are waived. Such claims unasserted at the trial level are procedurally barred." (Citations omitted.) *Smith v. State*, 282 Ga. App. 339, 344 (4) (638 SE2d 791) (2006).

On appeal, Mills asserts that his motion counsel was ineffective in that he "failed to make a Record concerning the alleged ineffective assistance provided by [Mills's] trial counsel ," and he asserts that remand is necessary in order for the trial court to determine whether trial counsel rendered ineffective assistance on nine separate grounds. But none of these grounds were raised by Mills's two sets of motion counsel in the amended motions for new trial below. We find, therefore, that Mills is procedurally barred from arguing that, but for his motion counsel's failure to create a record, a reasonable probability exists that he would have been granted a new trial on one or more of these nine previously unasserted grounds.

We recognize that even where the issue of ineffective assistance of counsel is raised at the trial level, certain claims of ineffective assistance of motion counsel may

12

not be procedurally barred. "For instance, a claim that [motion] counsel failed to call a witness, or present other evidence, at a motion for new trial hearing is not procedurally barred and may therefore be raised on appeal by new appellate counsel." (Citations omitted.) *Wilson v. State*, 286 Ga. 141, 144 (4) (686 SE2d 104) (2009). Although, at first blush, Mills's argument that his motion counsel failed to make a record on the issue of ineffectiveness of trial counsel may appear to be such a claim, Mills does not assert that his motion counsel failed to create a record on any of the more than 51 claims preserved below. Rather, he asserts that his trial counsel's failure to create a record prevented him from receiving a new trial on issues that were not raised below, and he now seeks a second bite at the apple in order to raise these claims. But

> [a] defendant cannot resuscitate claims of ineffectiveness that are procedurally barred simply by bootstrapping them to a claim of ineffectiveness of [motion for new trial] counsel. Once a claim is procedurally barred, there is nothing for this Court to review. To hold otherwise would eviscerate the rule requiring that ineffectiveness claims be raised at the earliest practicable moment.

(Citations and punctuation omitted.) Id. See also *Rutherford v. Moore*, 774 So.2d 637, 643 (Fla.2000) ("claims of ineffective assistance of [motion] counsel may not be used

13

to camouflage issues that should have been raised ... in a ... motion [for new trial]. [Cits.]"). Thus, we conclude that Mills may pursue these claims of ineffective assistance of trial counsel only in a habeas proceeding. *Wilson v. State,* 286 Ga. at 144 (4). Accordingly, we affirm the trial court's denial of Mills's motion for new trial, and we deny his motion for remand.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*