**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 6, 2017**

# In the Court of Appeals of Georgia

A17A0868. HUGHES v. THE STATE.

PER CURIAM.

A jury found Marvin Hughes guilty of child molestation and statutory rape. The trial court merged the child molestation conviction into the statutory rape conviction, for which the court imposed a 20-year prison sentence. Hughes appeals from the denial of his motion for a new trial, contending that the trial court erred in admitting similar transaction evidence during his trial and that his sentence should be vacated and his case remanded for the trial court to clarify that his child molestation conviction merged into his statutory rape conviction. For the reasons that follow, we conclude that the trial court committed no error in its admission of the similar transaction evidence, and that the trial court's sentencing order made clear that Hughes's child molestation conviction merged into his statutory rape conviction for sentencing purposes. However, the trial court erred in failing to impose a split-sentence for Hughes's statutory rape conviction, as required by OCGA § 17-10-6.2.

Accordingly, we affirm Hughes's conviction, vacate his sentence, and remand for resentencing in compliance with OCGA § 17-10-6.2.

Viewed in the light most favorable to the verdict,[1] the evidence shows that Hughes is related by marriage to the family of the victim's mother. In April 2011, when the victim was 13 years old, one of the victim's cousins used the victim's telephone to ask Hughes to give them a car ride. Before that time, the victim had few interactions with Hughes. Shortly thereafter, Hughes and the victim began exchanging text messages. Sometime between April and May 2011, the victim visited her cousin. After the cousin went to bed, Hughes arrived, and he and the victim watched television while exchanging text messages. At some point, Hughes walked over to the victim, and the two engaged in sexual intercourse on a sofa. The two engaged in intercourse several more times between that night and the end of the school year, including twice in Hughes's car. In April and May 2011, Hughes was 28 years old.

---

[1] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2

The State also presented evidence that Hughes had engaged in sexual relations with a 14-year-old girl in 2004, as a result of which he had pled guilty to statutory rape. The victim in that case – D. G. – testified that Hughes was a family friend whom she met when he gave her and her brother a ride home. On the day they met, at Hughes's request, he and D. G. exchanged telephone numbers. Later that night, Hughes visited D. G.'s home, and the two engaged in intercourse in Hughes's truck. Hughes was 22 years old at the time.

The jury found Hughes guilty of child molestation and statutory rape. The trial court merged Hughes's child molestation conviction into his statutory rape conviction and imposed a 20-year prison term for the statutory rape conviction. Hughes filed a motion for a new trial, which the trial court denied, and this appeal followed.

1. Hughes challenges the admission of evidence at trial that he had sexual relations with a 14-year-old girl several years earlier. In particular, Hughes contends that: (i) the trial court erred when it improperly weighed the probative value of the prior act evidence against its prejudicial effect; and (ii) the prior act evidence was not needed to prove intent, which, he claims, was "easily inferred." We discern no error.[2]

---

[2] Because Hughes was tried in September 2012, the new Georgia Evidence Code does not apply to any of the evidentiary issues addressed in this case. See Ga. L. 2011, pp. 99, 214, § 101; *Miller v. State*, 325 Ga. App. 764, 766 (1), n. 1 (754

When the State seeks to introduce prior acts of the defendant as similar transaction evidence,

> it first must identify a proper purpose for the admission of such evidence, establish that the defendant, in fact, committed the prior acts, and show enough of a similarity or connection between the prior acts and the crimes charged that proof of the former tends to prove the latter. Upon such a showing, a trial court may admit evidence of a similar transaction, unless the probative value of the evidence is substantially outweighed by a risk that it would unfairly prejudice the defendant. When we consider the admission of similar transaction evidence, we focus on the similarities, not the differences, between the prior acts and the crimes charged, and we must bear in mind that the standard for the admission of similar transaction evidence is most liberally construed in cases involving sexual offenses.

*Bibb v. State*, 315 Ga. App. 49, 50 (2) (726 SE2d 534) (2012) (citations omitted); see also *Mills v. State*, 319 Ga. App. 131, 133 (1) (735 SE2d 134) (2012) (in prosecutions for sexual offenses involving children, evidence that the defendant previously molested young children or teenagers, regardless of the type of act, is sufficiently similar to be admissible). We review a trial court's decision whether to admit similar transaction evidence for abuse of discretion. *Bibb*, 315 Ga. App. at 50 (2).

---

SE2d 804) (2014).

We first note that, in his appellate brief, Hughes at times misstates the proper analysis by contending that a court must determine "whether the probative worth of the evidence outweighs its potential for undue prejudice." This is not the law. The law mandates exclusion of otherwise probative similar transaction evidence only if the risk of unfair prejudice substantially outweighs its probative value. See *Bibb*, 315 Ga. App. at 50 (2); accord *Dillard v. State*, 297 Ga. 756, 758-760 (3) & n. 4 (778 SE2d 184) (2015); *Jones v. State*, 316 Ga. App. 442, 445 (2), 447 (2) (b) (729 SE2d 578) (2012). Put another way, this test does not require exclusion where the risk of unfair prejudice equals – or even slightly outweighs – the probative value of the other acts evidence. See *Dillard*, 297 Ga. at 758-760 (3); *Jones*, 316 Ga. App. at 445 (2), 447 (2) (b); *Bibb*, 315 Ga. App. at 50 (2).

The trial court here conducted a similar transaction hearing and determined that the prior acts Hughes engaged in with D. G. were admissible to prove his intent and to show that he engaged in a common scheme or plan in the prior and charged acts. The court gave a limiting instruction to this effect before the similar transaction testimony was introduced and in the court's final charge to the jury.

"Guided by the liberal standard applicable in cases involving sexual offenses against children," *Kirkland v. State*, 334 Ga. App. 26, 30 (1) (778 SE2d 42) (2015),

we conclude that, on the facts of this case, the trial court was authorized to find that the risk of unfair prejudice did not bar the admission of the other acts evidence. Pretermitting whether Hughes's prior statutory rape conviction was probative of intent in the instant case, it was relevant, as the court found, to showing that Hughes engaged in a common plan or scheme of (a) befriending young girls from families he knew (b) by giving them rides and (c) engaging in sexual relations with them in his vehicles. See *Miller v. State*, 325 Ga. App. 764, 764-765, 768-769 (2) (b) (754 SE2d 804) (2014) (in a rape prosecution, the defendant's prior rapes were relevant to show his course of conduct, as the prior and charged offenses each began when the defendant offered the victims rides in his truck); see also *Kirkland*, 334 Ga. App. at 30 (1) (a similar transaction was properly admitted in a prosecution for aggravated child molestation where both the prior act and the charged offense "involved instances where [the defendant] preyed on young girls to whom he had access because of his relationship with his girlfriend and her family"). "Moreover, the trial court provided jury instructions that limited consideration of the similar transaction evidence to the appropriate purposes and provided guidance so as to diminish its prejudicial impact." *Miller*, 325 Ga. App. at 769 (2) (b); see *Mills*, 319 Ga. App. at 135 (1) (in a prosecution for several sexual offenses involving children, evidence that

the defendant previously had engaged in various acts of sexually inappropriate conduct with other children "was not unfairly prejudicial, in light of the trial court's limiting instruction to the jury, and because the prior transactions . . . corroborated the victims' testimony") (punctuation omitted). Given the relevance of the prior act evidence to show a common plan or scheme and the trial court's multiple limiting instructions, we conclude that the court did not abuse its discretion when it determined that the danger of unfair prejudice did not substantially outweigh the probative value of the challenged evidence.

2. Hughes contends that his sentence should be vacated and remanded for the trial court to clarify that he stands convicted only of statutory rape, as his child molestation conviction merged into his statutory rape conviction. We disagree.

"Under Georgia law, certain convictions merge and multiple punishment is precluded where the same conduct establishes the commission of more than one crime, and the one crime is included in the other." *Jones v. State*, 290 Ga. 670, 672 (2) (725 SE2d 236) (2012) (punctuation omitted). We review the application of the merger doctrine de novo. See *Brown v. State*, 314 Ga. App. 198, 205 (6) (723 SE2d 520) (2012).

Hughes's written sentence properly indicates that: (i) he was tried for (a) child molestation, which the sentence identifies as Count 1, and (b) statutory rape, which the sentence identifies as Count 2; (ii) the jury rendered a guilty verdict; and (iii) "Count 1 merges into Count 2 for sentencing purposes." In its order denying Hughes's motion for a new trial, the trial court likewise correctly stated that: (i) his conviction for child molestation merged with his conviction for statutory rape; and (ii) he therefore was sentenced only on the statutory rape conviction. Consequently, we discern no error in this regard. To the extent that, as Hughes suggests, the Department of Corrections ("DOC") may misunderstand these rulings, that is a matter that Hughes must raise directly with the DOC, which is not a party to these proceedings.

3. Although not addressed by either party, the trial court committed a sentencing error that requires us to vacate Hughes's sentence and remand this case for resentencing. A person over the age of twenty-one who is convicted of statutory rape is subject to a split sentence, which must include a mandatory minimum ten-year prison sentence, to be followed by at least one year of probation. OCGA §§ 16-6-3 (b); 17-10-6.2 (a) (4), (b); *McCranie v. State*, 335 Ga. App. 548, 554-556 (4) (782 SE2d 453) (2016). A sentence that does not comply with the § 17-10-6.2 split-

8

sentence requirement is void. See *New v. State*, 327 Ga. App. 87, 106-109 (5) (755 SE2d 568) (2014). We are required to correct a void sentence, regardless of whether either party has raised the error on appeal. See *von Thomas v. State*, 293 Ga. 569, 573 (2) (748 SE2d 446) (2013) ("[A] sentence which is not allowed by law is void, and its illegality may not be waived.") (punctuation and emphasis omitted).

Under § 17-10-6.2, the trial court was required to impose a total sentence for Hughes's statutory rape conviction that included at least one year of probation. See OCGA §§ 16-6-3 (b); 17-10-6.2 (a) (4), (b). Consequently, Hughes's 20-year prison sentence, which includes no probation, is void. See *New*, 327 Ga. App. at 106-109 (5); see also *McCranie*, 335 Ga. App. at 556 (4) (holding that a sentence for statutory rape that did not comply with § 17-10-6.2 was void); accord *Spargo v. State*, 332 Ga. App. 410, 411-412 (773 SE2d 35) (2015) (holding that 20-year prison sentences for child molestation convictions were void for failure to comply with § 17-10-6.2).

For each of the above reasons, we affirm Hughes's conviction, vacate his sentence, and remand this case for resentencing under § 17-10-6.2 in accordance with this opinion.

*Judgment affirmed in part and vacated in part; case remanded for resentencing. Division Per Curiam. All Judges concur.*

9